**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEPHEN J. LINDSEY & | ) | |
| PATRICIA LINDSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:05cv1761 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL MOTION TO DISMISS**

DEFENDANT, the United States of America, supplements its December 1, 2005

motion to dismiss under Fed. R. Civ. P. 12(b) to include additional grounds for

dismissal of plaintiffs' complaint.  As grounds for this supplemental motion, the United

States submits that the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted herewith.

DATE:  March 6, 2006.          Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN J. LINDSEY & | ) | |
| PATRICIA LINDSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:05cv1761 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF UNITED STATES' SUPPLEMENTAL MOTION TO DISMISS

This is a civil action in which plaintiff alleges that, beginning with tax year 1989, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seek a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

QUESTION PRESENTED

Plaintiffs' complaint seeks a refund of federal taxes, an injunction against further tax collection, and damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for refund of taxes or claim(s) for damages from "wrongful collection" of taxes. Plaintiffs failed to allege that they have fully paid the taxes they seek to have refunded. Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for damages, and for injunctive relief against federal tax collection under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Stephen and Patricia Lindsey, filed this complaint on September 1, 2005.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1989", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)<u>1</u>/

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief.<u>2</u>/ First, plaintiffs seek damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 32.)  Second, they request a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds."  (Compl. ¶ 33.)  Last, plaintiffs seek an injunction against "the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected."  (Compl. ¶ 34.)

---

<u>1</u>/  Plaintiff's case is one of more than 50 known cases filed in this Court with identical or nearly identical complaints

<u>2</u>/  Plaintiff also may be seeking declaratory relief.  (*See* Compl. ¶ 31.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

A.   *This Court Lacks Subject-Matter Jurisdiction over
Plaintiffs' Refund Claim*

This Court does not have jurisdiction over plaintiffs' claim for a tax refund.

Plaintiffs make a conclusory statement that they "exhausted all administrative remedies

... by properly petitioning ... for refunds." (Compl ¶ 29.)  Plaintiffs failed to identify

whether they filed a claim for refund as described in 26 C.F.R. § 301.6402-2.  Plaintiffs

also failed to allege that they fully paid the federal taxes for which they seek a refund.

Both are necessary to waive the United States' sovereign immunity.  *See United States v.

Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for

a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960)

(payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*,

2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiffs have the burden to show that

sovereign immunity has been waived.  *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647

F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586

(1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any

court for the recovery of an internal revenue tax alleged to have been erroneously or

illegally assessed or collected *** until a claim for refund or credit has been duly filed

***."  26 U.S.C. § 7422(a).  Since plaintiffs have not even alleged that they filed a claim

for refund, this Court lacks jurisdiction over their tax refund claim.  *Dalm*, 494 U.S. at

601-02.

Likewise, plaintiffs have not alleged that they fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (*See* Compl. ¶¶ 30, 34.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover—an implication fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claims for a refund of federal taxes.3/

> B.  *Plaintiffs' Request for Injunctive Relief Is Barred by the Anti-injunction Act*

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 34.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one,

---

3/  Plaintiffs also selected an improper venue for a refund suit. Plaintiffs reside in California. (Compl. ¶ 1.) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which the plaintiff resides. *See* 28 U.S.C. § 1402(a)(1); *Saraco v. United States*, 61 F.3d 863 (3d Cir. 1995).

which seeks to enjoin the collection of taxes.  *See Foodservice & Lodging Institute, Inc. v.*
*Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-*
*CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

    Although the Supreme Court has recognized a narrow, judicial exception to
section 7421, the exception is inapplicable to the present case.  In *Enochs v. Williams*
*Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-
Injunction Act would not apply (1) if, when the facts and law are examined in the light
most favorable to the government, under no circumstances could the government
prevail, and (2) equity jurisdiction otherwise existed.  *See Flynn v. United States*, 786 F.2d
586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls
within the purview of the judicially-created exception to the Anti-Injunction Act.
*Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

    Plaintiffs cannot demonstrate that under the circumstances of this case, the
government could never prevail.  Plaintiffs allege that the Internal Revenue Service
acted improperly "in connection with the collection of Federal tax beginning with 'tax
year' 1989" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of
tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged
wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing
and their entitlement to relief.  Primarily, they merely express their dissatisfaction that

the Internal Revenue Service is attempting to collect their unpaid taxes.4/

As for the second prong of *Enochs*, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn* , 766 F.2d at 598. In certain situations, plaintiffs could temporarily forestall collection—the ultimate relief they request—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, they can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiffs can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiffs' complaint fails the second prong of the *Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

C.   *This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Damages Claim*

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶¶ 7, 32.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an

_____

4/  As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

administrative claim for damages with the Internal Revenue Service.  As previously

mentioned, the party bringing suit must show that the United States has unequivocally

waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C.

2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West

v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code

(26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity

with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over

plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, taxpayers must exhaust their

administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has

exhausted the administrative remedies available to such plaintiff within the Internal Revenue

Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in
> the case of negligence) or actual, direct economic damages, as
> defined in paragraph (b) of this section [7433] shall be sent in
> writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Instead, they simply states, in conclusory fashion, that they "has/have exhausted all administrative remedies ***."  (Compl. ¶ 6.)  Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

CONCLUSION

Because plaintiffs has failed to properly serve the United States as discussed in the United States' motion to dismiss filed on December 1, 2005, and because the Court lacks jurisdiction over their complaint as discussed above, the complaint should be dismissed.

DATE:  March 6, 2006.

Respectfully submitted,


 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' SUPPLEMENTAL

MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were

caused to be served upon plaintiffs *pro se* on the 6th day of March, 2006, by depositing a

copy in the United States' mail, postage prepaid, addressed as follows:

> Stephen J. Lindsey
> Patricia Lindsey
> 9871 Standford Avenue
> Garden Grove, CA 92841.

> /s/ Jennifer L. Vozne
> JENNIFER L. VOZNE

1577665.1