## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
STEPHEN J. LINDSEY and                  )
PATRICIA L. LINDSEY,                    )
                                        )
        Plaintiffs,                     )
                                        )
                                        )
    v.                                  )    **Civil Action No. 05-1761 (RBW)**
                                        )
                                        )
UNITED STATES,                          )
                                        )
        Defendant.                      )
_____)

## <u>MEMORANDUM OPINION</u>

The plaintiffs, Steven J. Lindsey and Patricia L. Lindsey, bring this action alleging that

the United States Internal Revenue Service ("IRS") "recklessly, intentionally or by reason of

negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code

("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder."

Complaint ("Compl.") ¶ 1.  In response to the complaint, the defendant initially filed a motion to

dismiss on the ground that the plaintiffs failed to properly execute service of process ("Def.'s

Mot.") and thereafter submitted a supplemental motion to dismiss based on the plaintiffs' failure

to exhaust their administrative remedies before bringing this lawsuit ("Def.'s Supp. Mot."),

which the Court construes as a motion to dismiss for failure to state a claim upon which relief

can be granted.[1]  For the following reasons, the Court denies the defendant's motion to dismiss

_____
[1] The following papers have been submitted to the Court in connection with these motions:  (1) the
Memorandum of Law in Support of the United States' Motion to Dismiss ("Def.'s Mem."); (2) the plaintiffs'
Objection to Motion to Dismiss ("Pls.' Obj."); (3) Memorandum in Support of United States' Supplemental Motion
to Dismiss ("Def.'s Supp. Mem."); and (4) the plaintiffs' Response to Motion to Dismiss ("Pls.' Resp.").

for insufficient service of process, grants its motion to dismiss the plaintiffs' claims for a

declaratory judgment, an injunction, and a refund on the grounds that the Court lacks subject

matter jurisdiction and therefore cannot provide such relief, and grants its motion to dismiss the

plaintiffs' damages claim for failure to state a claim upon which relief can be granted.[2]  Because

the plaintiffs' response to the defendant's motion to dismiss appears to raise a new claim not

asserted in the complaint, the Court will grant the pro se plaintiffs limited leave to amend their

complaint for the sole purpose of adding this new claim.

## I.  Background

This case is one of at least a dozen virtually identical lawsuits brought by taxpayers,

proceeding pro se, alleging a variety of forms of misconduct by the IRS.[3]  The complaint here,

however, provides no particularized facts pertaining specifically to the plaintiffs in this case;

---

[2]  In their response to the defendant's motions to dismiss, the plaintiffs call for sanctions to be imposed under Federal Rule of Civil Procedure 11(b) on the grounds that "Counsels [sic] attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper and that plaintiff(s) [sic] have not exhausted administrative remedies is unwarranted by existing law [sic], and fails to present a good faith basis for extension, modification or reversal of existing law" and that the "defendant['s] motion was filed out of time."  Pls.' Resp. at 1. Even if the bases upon which the plaintiffs seek sanctions were remotely persuasive, which they are not, the plaintiffs have apparently made no effort to comply with the provision of Rule 11(c)(1) that prescribes the method by which sanctions must be sought, including the 21-day waiting period between serving the motion for sanctions on the opposing party and filing the motion with the Court.  Pls.' Resp. at 21 (showing that the plaintiffs' response was served on April 14, 2006, four days before it was filed with the Court on April 18, 2006); Fed. R. Civ. P. 11(c)(1). Allegations that counsel have engaged in conduct warranting sanctions under Rule 11 are not to be made cavalierly, and the plaintiffs are instructed to comply with the procedures prescribed by Rule 11 in the future if such allegations are proper to present to the Court.  Cf. Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (noting that while pro se plaintiffs are entitled to some greater degree of latitude than represented parties, they are not entitled to ignore the Federal Rules of Civil Procedure).

[3]  On November 23, 2005, the defendant filed a Notice of Related Cases ("Def.'s Not.") indicating that "[s]ave for the identity of the plaintiffs, the complaints in the following cases are identical to that filed in this matter," Def.'s Not. at 1-2 (identifying eleven cases then pending before the Court, including Holyoak v. United States, Civ. No. 05-1829 (HHK); Gross v. United States, Civ. No. 05-1818 (JR); Garvin v. United States, Civ. No. 05-1775 (RBW); Shoemaker v. United States, Civ. No. 05-1736 (RWR); Brandt v. United States, Civ. No. 05-1613 (ESH); Schafrath v. United States, Civ. No. 05-1656 (GK); Koerner v. United States, Civ. No. 05-1600 (ESH); Radcliffe v. United States, Civ. No. 05-1624 (ES); Lohmann v. United States, Civ. No. 05-1976 (HHK); Travis v. United States, Civ. No. 05-1867 (RCL); Turner v. United States, Civ. No. 05-1716 (JDB)).  In addition to those cases identified by the defendant, at least three more cases filed within the last year involve substantially identical complaints.  See Masterson v. United States, Civ. No. 05-1807 (JDB), 2006 WL 1102802 (D.D.C. Apr. 26, 2006); Scott v. United States, 416 F. Supp. 2d 116 (D.D.C. 2006); Anderton v. United States, Civ. No. 06-129 (RBW).

instead, it consists predominantly of argument and restatement of putatively pertinent legal standards. See Compl. ¶¶ 8-26. Moreover, even the few passages in the complaint which purport to describe facts that support the plaintiffs' positions merely offer boilerplate recitations of the factual showings required to satisfy the various statutory provisions relied upon by the plaintiffs. See Compl. ¶¶ 5, 7(a)-(r), 27-30.

In any event, the plaintiffs catalogue seventeen distinct provisions of the IRC which they claim have been violated. Compl. ¶¶ 7(a)-(r). The complaint seeks several forms of relief to redress the harm the plaintiffs have allegedly suffered, including a declaratory judgment that the defendant has violated one or more provisions of the IRC, Compl. ¶ 31, an injunction barring any further collection of taxes from the plaintiffs, Compl. ¶ 34, a refund of all unassessed taxes and the return of property unlawfully seized, Compl. ¶ 33, and an award of damages under 26 U.S.C. § 7433 (2000), Compl. ¶ 32. The plaintiffs attempted to effect service on the defendant by mailing a copy of the summons and complaint via certified mail to the Attorney General and the United States Attorney for the District of Columbia on September 19, 2005. Pls.' Resp. at 2.

The defendant first moved to dismiss the plaintiffs' complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) on December 1, 2005. Def.'s Mot. at 1. The plaintiffs filed an "Objection" to the defendant's first motion on December 16, 2005. Pls.' Obj. at 1. Several months later, the defendant brought a second motion to dismiss the plaintiffs' complaint alleging that the Court lacks subject matter jurisdiction over each of the plaintiffs' claims for relief under Rule 12(b)(1). Def.'s Supp. Mot. at 1. For the reasons discussed below, the Court construes this motion, in part, as challenging the Court's subject matter jurisdiction pursuant to Rule 12(b)(1) and, in part, as seeking dismissal of the complaint for failure to state a claim for which relief can be granted under Rule 12(b)(6). The plaintiffs

filed a "Response" to this second motion on April 18, 2006.  Pls.' Resp. at 1.  The Court will

address in turn each of these motions and their oppositions.

## II.  Standards of Review

### A.  Motions to Dismiss under Rule 12(b)(5)

The Court may dismiss a complaint for ineffective service of process pursuant to Federal

Rule of Civil Procedure 12(b)(5) if the plaintiff fails to establish that he or she has properly

effectuated service pursuant to Rule 4.  See Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).

"[T]he party on whose behalf service is made has the burden of establishing its validity when

challenged; to do so, he must demonstrate that the procedure employed satisfied the

requirements of the relevant portions of Rule 4 and any other applicable provision of law."  Id.

(internal quotation marks and citation omitted); see also Hilska v. Jones, 217 F.R.D. 16, 20

(D.D.C. 2003) (holding that "the plaintiff carries the burden of establishing that he has properly

affected service") (citing Light, 816 F.2d at 751).

### B.  Motions to Dismiss under Rule 12(b)(1)

Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), "the plaintiff

bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the

evidence."  Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing Lujan v.

Defenders of Wildlife, 504 U.S. 555, 561 (1992)); see also Al-Owhali v. Ashcroft, 279 F. Supp.

2d 13, 21 (D.D.C. 2003) (Walton, J.) ("Throughout the Court's jurisdictional inquiry, it is

plaintiff's burden to establish that the Court has jurisdiction.").  "The [C]ourt, in turn, has an

affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."

Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (internal quotations omitted).

A court ruling on a Rule 12(b)(1) motion to dismiss "may consider documents outside the pleadings to assure itself that it has jurisdiction." Al-Owhali, 279 F. Supp. 2d at 21; see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987) ("In 12(b)(1) proceedings, it has been long accepted that the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on [its] authority to entertain the case." (internal citations and quotation marks omitted)). The level of scrutiny with which the Court examines the allegations in the complaint that support a finding of jurisdiction, however, depends upon whether the motion to dismiss asserts a facial or factual challenge to the court's jurisdiction. See I.T. Consultants v. Pakistan, 351 F.3d 1184, 1188 (D.C. Cir. 2003).

Facial challenges, such as motions to dismiss for lack of standing at the pleading stage, "attack[] the factual allegations of the complaint that are contained on the face of the complaint." Al-Owhali, 279 F. Supp. 2d at 20 (internal quotation marks and citation omitted). "If a defendant mounts a 'facial' challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party." Erby, 424 F. Supp. 2d at 181; see also I.T. Consultants, 351 F.3d at 1188. The court may look beyond the allegations contained in the complaint to decide a facial challenge, "as long as it still accepts the factual allegations in the complaint as true." Abu Ali, 387 F. Supp. 2d at 18; see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253-54 (D.C. Cir. 2005) ("At the pleading stage . . . . [w]hile the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction, the court must still accept all of the factual allegations in the complaint as true." (internal citations and quotation marks omitted)).

5

Factual challenges, by contrast, are "addressed to the underlying facts contained in the complaint." Al-Owhali, 279 F. Supp. 2d at 20. Where a defendant disputes the factual allegations in the complaint that form the basis for a court's subject matter jurisdiction, "the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). Instead, a court deciding a Rule 12(b)(1) motion asserting a factual challenge "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Id. In such situations, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Erby, 424 F. Supp. 2d at 181 (internal quotations omitted); see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1976) (holding that a court ruling on a factual challenge to its jurisdiction is not required to accept the plaintiff's factual allegations as true, but rather "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").

The defendant's supplemental motion to dismiss raises both facial and factual attacks upon the Court's jurisdiction. The defendant raises a facial challenge to the plaintiffs' claim for declaratory relief, and its motion also appears to assert a facial objection to the plaintiffs' claim for an injunction.[4] In contrast, the grounds upon which the defendant seeks dismissal of the

---

[4] As discussed below, the defendant asserts that the plaintiffs' demand for injunctive relief is precluded by the express terms of the Anti-Injunction Act, 26 U.S.C. § 7421(a) (2000). Def.'s Supp. Mem. at 3-5. While the judicially-created exception to the application § 7421(a) that the plaintiffs raise in support of their injunction claim, Compl. ¶ 30, would appear to require a factual determination, the defendant's challenge is based on the plaintiffs' failure even to allege any particularized facts to support the exception the plaintiffs assert, Def's Supp. Mem. at 4-5.

plaintiffs' refund and damages claims raise solely factual challenges in that they dispute the plaintiffs' allegation that they "has/have [sic] exhausted all administrative remedies."  Compl. ¶ 6.

## C.  Motions to Dismiss under Rule 12(b)(6)

When adjudicating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must view all the allegations and facts in the complaint in the light most favorable to the plaintiffs, and it must grant the plaintiffs the benefit of all inferences that can be derived from those facts.  See Barr. v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997).  "A court should not dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Abigail Alliance For Better Access to Developmental Drugs and Washington Legal Foundation v. von Eschenbach, 445 F.3d 470, 475 (D.C. Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## D.  Pro Se Litigants

Notwithstanding the fact that the plaintiffs' complaint is substantially identical to those filed in numerous other pro se cases recently decided by other members of this Court or currently pending in the Court, see supra n.3, the plaintiffs here are proceeding pro se, and their complaint must therefore be held to "less stringent standards than formal pleadings drafted by

7

lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Sparrow v. United Air Lines,
Inc., 216 F.3d 1111, 1113 n. 2 (D.C. Cir. 2000). Courts of this Circuit have interpreted the
Supreme Court's instruction in Haines as encompassing all filings submitted by pro se litigants,
not just their pleadings. See, e.g. Richardson v. United States 193 F.3d 545, 548 (D.C. Cir.
1999) (holding that "[c]ourts must construe pro se filings liberally") (citing Haines, 404 U.S. at
520); Voinche v. FBI, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives
pro se parties the benefit of the doubt and may ignore some technical shortcomings of their
filings" and applying the Haines rule to a plaintiff's summary judgment motion) (citing Haines,
404 U.S. at 520); Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.)
(holding that the Court "must take pains to protect the rights of pro se parties against the
consequences of technical errors") (citing Haines, 404 U.S. at 520).

## III. Legal Analysis

## A. The Defendant's Motion to Dismiss for Insufficient Service of Process

The defendant contends that the plaintiffs' complaint must be dismissed pursuant to
Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Def.'s Mot. at 1.
Relying on Rule 4(c)(2), which governs who may effect service of process, the defendant asserts
that the summons and complaint can be served on the federal government defendant by "any
person who is not a party," Fed. R. Civ. P. 4(c)(2). Def.'s Mem. at 1. Because one of the
plaintiffs effected service by sending the summons and complaint to the Attorney General and
United States Attorney by way of certified mail, the defendant argues that the service violates
Rule 4(c)(2) and thus warrants dismissal. Id. at 1-2. In return, the plaintiffs argue that Rule
4(c)(2) "applies to personal service only," Pls.' Obj. ¶ 4, and contend that the controlling

rule—Rule 4(i)(1)(b), which prescribes the method for serving the United States—"is silent as to who may sign the return of service," Pls.' Obj. ¶¶ 5-6.[5]  Although the Court concludes that service of process was improper under Rule 4, it nonetheless declines to dismiss the plaintiffs' complaint for that reason.

The parties do not dispute that Federal Rule of Civil Procedure 4(i)(1) directs plaintiffs bringing suit against the United States to effect service in the following manner:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney <u>and</u>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, <u>and</u>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i)(1) (emphasis added).  Instead, they disagree with respect to who may effect the service that is required.  Nothing in Rule 4(i) indicates who may or may not effect service under this subsection.  <u>See</u> <u>generally</u> Fed. R. Civ. P. 4(i).  By contrast, Rule 4(c)(2), the general provision governing who may serve the summons and complaint, provides, in pertinent part, that "[s]ervice may be effected by any person <u>who is not a party</u> and who is at least 18 years of age."

---

[5] The plaintiffs further move to strike the defendant's motion to dismiss for insufficient service of process, alleging that the defendant's motion "insults the intelligence of the plaintiff[s] and the [C]ourt," Pls.' Obj. ¶ 1, and has been "interposed . . . for the sole purpose of delaying this litigation and for increasing the cost and expense of this litigation," Pls.' Obj. ¶ 7.  This argument is plainly meritless and provides no basis whatsoever for striking the defendant's motion.  The plaintiffs note correctly that "[the] [d]efendant's attorney is trained and knows the rules and which rules apply to what."  Pls.' Obj. at 1.  It is therefore not surprising that the defendant's motion to dismiss accurately relies on the rules that govern service of process in this case, and it appears that the motion was brought neither to delay these proceedings nor to "insult[] the intelligence of the plaintiff[s] and the [C]ourt," Pls.' Obj. ¶ 1, as the plaintiffs suggest.  The Court therefore denies the plaintiffs' motion to strike the defendant's motion to dismiss for insufficient service of process.

Fed. R. Civ. P. 4(c)(2) (emphasis added). Read together, then, Rules 4(i)(1) and 4(c)(2) direct that service upon the United States be made (1) by a person over the age 18 or older (2) who is not a party (3) either through in-person delivery or sending by certified mail a copy of the summons and complaint to both the Attorney General and the United States Attorney for the judicial district where the action is brought.

The plaintiffs contend, however, that Rule 4(c)(2) does not apply in the context of the circumstances before the Court. Pls.' Obj. ¶¶ 4-5. According to the plaintiffs, "Rule 4(c)(2) applies to personal service only," id. ¶ 4, while Rule 4(i)(1) exclusively governs service on the United States, id. ¶ 5. As Rule 4(i)(1) places no limitation on who may effect service, the plaintiffs argue that Rule 4 was not violated when they personally mailed the summons and complaint to the Attorney General and United States Attorney for the District of Columbia. Id. ¶¶ 2, 6, 8. The Court cannot agree with the plaintiffs' position.

First, nothing in the language of the current version of Rule 4(c)(2) indicates that the limitation it imposes on who may effect service applies only to personal service. See Fed. R. Civ. P. 4(c)(2). The plaintiffs cite no authority, and the Court can find none, that supports their interpretation of Rule 4(c)(2). Second, the plaintiffs' argument that Rules 4(c)(2) and 4(i)(1) are mutually exclusive misses the mark. The former describes who may make service upon any defendant, while the latter prescribes the method by which service upon the United States can be effected. Courts thus apply Rules 4(c)(2) and 4(i)(1) in conjunction with each other. See, e.g., Daniels v. G & M Towing, Civ. No. 05-2647, 2006 U.S. Dist. LEXIS 15027, at *3-4 (N.D. Ohio Mar. 31, 2006) (holding that requirement in Rule 4(c)(2) that service be effected by a non-party applies to service on the United States made pursuant to Rule 4(i)(1)).

Here, it is undisputed that one of the plaintiffs effected service himself by sending the summons and complaint by certified mail to the Attorney General and the United States Attorney for the District of Columbia.  See Def.'s Mem. at 1; Pls.' Resp. at 2; Return of Service, dkt. no. 2 (Sept. 19, 2005) (bearing plaintiff Steven J. Lindsey's name and signature as the server of the complaint and summons upon the Attorney General); Return of Service, dkt. no. 3 (Sept. 19, 2005) (bearing plaintiff's name and signature as the server of the complaint and summons upon the United States Attorney).  In doing so, the plaintiffs did not comply with the requirement of Rule 4(c)(2) that service be effected by a person not a party to the action.

While service of process on the Attorney General and the United States Attorney was therefore improper, the Court nevertheless concludes that the plaintiffs' complaint should not be dismissed because of this defect.  Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[f]ailure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint."  Fed. R. Civ. P. 4(m).  The defendant is therefore correct that courts generally dismiss cases where a plaintiff fails to effect proper service.  See Fed. R. Civ. P. 4(j); see also Light, 816 F.2d at 750.  However, "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).  Although "[d]istrict courts do not need to provide detailed  guidance to pro se litigants," they should at least "supply [pro se plaintiffs] minimal notice of the consequences of not complying with procedural rules."  Id.  This assistance does not, of course, "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure."  Id.

In Moore, the District of Columbia Circuit held that a pro se plaintiff who attempted to

effect service promptly after filing his complaint should be permitted to perfect service where

the defendants had notice of the suit and filed repeated requests for extensions of time to respond

to it. Id. at 876-77. After the 120-day time for service prescribed by the version of Rule 4(j) in

force at that time had elapsed, however, the defendant moved to dismiss the complaint on

insufficient service of process grounds. Id. at 877. Noting that the plaintiff was "aware of the

repeated appearances by [the United States Attorney on behalf of the defendant and] no doubt

believed the defendants had been properly served," the Court "conclude[d] that two attempts to

serve the defendants who had notice of the suit and were represented by counsel, coupled with

the government's long delay in responding to the complaint, constitute good cause to satisfy

Rule 4(j)." Id.[6]

Here, the Court concludes that dismissing the plaintiffs' suit for insufficient service of

process would be improper. Service was attempted on September 19, 2005, eighteen days after

the plaintiffs filed their complaint. See Return of Service, dkt. no. 2; Return of Service, dkt. no.

3. The defendant acknowledges that the copies of the summons and complaint sent by plaintiff

Steven Lindsey were received on September 26 and September 28, 2005. See United States'

Opposition to Plaintiffs' Request for Entry of Default at 1 (Mar. 6, 2006). Similar to the

situation in Moore, 994 F.2d at 876-77, the defendant filed with the Court on November 23,

---

[6] Although the provision of Rule 4(j) upon which the Court in Moore relied is no longer in force, courts
have continued to adhere to Moore's basic premise that the rules governing service of process should not be
enforced with draconian rigidity where courts have not first informed pro se plaintiffs of the consequences of failing
to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in
which service of process was attempted. See, e.g., Thomas v. Knight, 257 F. Supp. 2d 86, 88 n.1 (D.D.C. 2003)
(Walton, J.) (citing Moore and noting that "[n]ormally, the Court would give a pro se plaintiff an opportunity to
perfect service of process"); Hilska, 217 F.R.D. at 22 (citing Moore and denying motion to dismiss a pro se
plaintiff's complaint for insufficient service of process where plaintiff had not received minimal notice of the
consequences of failing to make proper service).

2005, both a related case notice and a motion for an extension of time in which to respond to the plaintiffs' complaint, which the Court denied without prejudice on November 30, 2005.

The defendant then moved to dismiss this case for insufficient service on December 1, 2005. Although the plaintiffs did not perfect service after the defendant's motion was filed, the Court at that time provided them no instruction of the kind required by Moore, 994 F.2d at 876, making clear the consequences of failing to perfect service of process. Further, the Court notes that the particular defect in the service performed by the plaintiffs was not significant. While Rule 4(c)(2) does require service to be made by a person not a party to the action, the defendant cannot seriously contend that the identity of the person who sent the summons and complaint by certified mail prejudiced the defendant in any way. Whatever policies underlie Rule 4(c)(2)'s requirement that parties not effect service of process themselves would not be served by dismissing this case on the grounds that one of the pro se plaintiffs himself mailed the summons and complaint to the defendant rather than soliciting a stranger to mail them on the plaintiffs' behalf. The Court therefore denies the defendant's initial motion to dismiss the plaintiffs' complaint on insufficient service of process grounds.[7]

## B. The Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies

The defendant's supplemental motion to dismiss challenges the Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over each of the four types of relief the plaintiffs seek. Specifically, the defendant argues that the Court categorically lacks the

---

[7] Because the Court is granting the plaintiffs limited leave to file an amended complaint, which the plaintiffs must serve on the defendant in compliance with Rules 4 and 15(a), it need not grant the plaintiffs leave to perfect service of the original complaint. Cf. Thomas, 257 F. Supp. 2d at 88 n.1 (concluding that "since the claims against [the defendant] must be dismissed on other grounds, the Court finds it unnecessary to afford the plaintiff the opportunity to effect service of process on [the] defendant"). The Court emphasizes that service of the amended complaint must be made by the plaintiffs in strict compliance with Rule 4.

authority to grant two forms of the plaintiffs' requested forms of relief—an injunction, Def.'s Supp. Mem. at 3-5, and declaratory relief, id. at 1 n.2.  The defendant also contends that the plaintiffs have failed to exhaust their administrative remedies with respect to the other two forms of relief sought in the complaint—the plaintiffs' claim for a tax refund, Def.'s Supp. Mem. at 2-3, and their request for damages, id. at 5-7—and that the Court accordingly lacks subject matter jurisdiction over these requests for relief as well.

### 1.  Timeliness of the Defendant's Motion

As a threshold matter, the plaintiffs appear to argue that the defendant, having already moved for dismissal for insufficiency of service, is barred by Federal Rules of Civil Procedure 12(g) and 12(h)(2) from seeking dismissal on other grounds.[8]  Pls.' Resp. at 2.  The Court disagrees with the plaintiffs' position.  Instead, the Court concludes that the defendant's grounds for seeking dismissal of each form of relief sought by the plaintiffs were timely submitted.

First, with regard to the defendant's challenges to the Court's subject matter jurisdiction in its supplemental motion, the motion is undoubtedly timely.  See Fed. R. Civ. P. 12(h)(3). Rule 12(h)(3) expressly permits the defendant to challenge the Court's subject matter jurisdiction at any time.  See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  For the reasons that follow, the Court concludes that the defendant's challenges to three of the four types of relief sought in the plaintiffs' complaint—an injunction, declaratory

_____

[8] Specifically, the plaintiffs argue that the defendant "seeks to 'sneak in' through his/her [sic] 'Memo' several other bases for dismissal that are not relevant to his/her Motion to Dismiss re: Insufficiency of Service." Pls.' Resp. at 2.

relief, and a tax refund—do concern this Court's subject matter jurisdiction, and therefore these challenges are timely.

Second, the defendant's objection to the plaintiffs' claim for damages—on the grounds that the plaintiffs failed to exhaust their administrative remedies—is also timely, even though it does not challenge this Court's jurisdiction pursuant to Rule 12(b)(1) and therefore does not fall within Rule 12(h)(3)'s shield against waiver. As discussed below, the statutory provision that requires the plaintiffs to exhaust certain administrative remedies before filing a claim for damages, 26 U.S.C. § 7433(d)(1), is not a jurisdictional prerequisite to filing a lawsuit. Nonetheless, the Court concludes that the defendant's argument in this regard is timely because it articulates an affirmative defense—failure to state a claim upon which relief can be granted—which has not yet been waived. See Arbaugh v. Y & H Corp., ___ U.S. ___, ___, 126 S.Ct. 1235, 1240 (2006) (holding that "[u]nder Rule 12(h)(2), that objection [of failure to state a claim upon which relief can be granted] endures up to, but not beyond, trial on the merits.").

### a.  The Defendant's 12(b)(1) Challenges

The basis upon which the defendant seeks dismissal of the plaintiffs' apparent request for declaratory relief challenges this Court's jurisdiction and therefore is properly raised under Rule 12(b)(1). The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration,

> whether or not further relief is or could be sought. Any such declaration shall have
> the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). The authority conferred to the Court by § 2201(a) to

provide declaratory relief clearly does not extend to federal taxation cases unless the case arises

under 28 U.S.C. § 7428, an exception not implicated by the plaintiffs' complaint here.[9]  The

Court therefore concludes that § 2201 withholds from the Court authority to entertain the

declaratory relief requested by the plaintiffs, and accordingly the defendant's objection to that

part of the plaintiffs' claim raises a jurisdictional challenge under Federal Rule of Civil

Procedure 12(b)(1).  See Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428, 1431-32

(D.C. Cir. 1995) (noting that 28 U.S.C. § 2201(a) imposes jurisdictional barrier to suit).

    Similarly, the defendant's assertion that the Court lacks the authority under the Anti-

Injunction Act, 26 U.S.C. § 7421, to grant the injunctive relief requested by the plaintiffs

presents a challenge to the Court's jurisdiction.  Section 7421(a) of the Anti-Injunction Act

states:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b),
> 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and
> 7436, no suit for the purpose of restraining the assessment or collection of any tax
> shall be maintained in any court by any person, whether or not such person is the
> person against whom such tax was assessed.

26 U.S.C. § 7421(a).  The language of § 7421(a) could not be clearer, as it unquestionably bars a

suit from being brought in federal court where the suit seeks to enjoin the government from

assessing or collecting federal taxes.  Consequently, the Court determines that to the degree the

---

[9] Section 7428 permits certain federal courts to entertain challenges to determinations by the Secretary of
the Treasury as to whether an entity qualifies as a tax-exempt non-profit organization under 26 U.S.C. § 501(c)(3) or
26 U.S.C. § 170(c)(2), a private foundation pursuant to 26 U.S.C. § 509(a) or 26 U.S.C. § 4942(j)(3), or a
cooperative under 26 U.S.C. § 521(b).  26 U.S.C. § 7428(a)(1).

defendant seeks dismissal of the plaintiffs' claim for injunctive relief, it has challenged the

Court's subject matter jurisdiction pursuant to Rule 12(b)(1).  See Enochs v. Williams Packing

& Navigation Co., 370 U.S. 1, 5 (1962) (stating that "[t]he object of § 7421(a) is to withdraw

jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the

collection of federal taxes); Nat'l Taxpayers Union, 68 F.3d at 1431-32; Debt Buyer's Ass'n v.

Snow, Civ. No. 06-101 (CKK), 2006 WL 598143, at *6 (D.D.C. Jan. 30, 2006).

The Court also concludes that the defendant's argument that the plaintiffs failed to

exhaust their administrative remedies before filing suit challenges the Court's jurisdiction to

entertain the plaintiffs' refund claim.  The District of Columbia Circuit in Avocados Plus v.

Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004), offered a straightforward approach to

determining whether a specific exhaustion requirement is jurisdictional.  Explicitly

acknowledging the distinction between statutory exhaustion requirements that do impose

jurisdictional barriers and those that do not, the Avocados Plus Court noted that distinguishing

the former type of requirement from the latter "is purely a question of statutory interpretation,"

id. at 1248, and held that courts should infer a non-jurisdictional exhaustion requirement

whenever Congress provides an administrative avenue for relief, id. (observing that "the

existence of an administrative remedy automatically triggers a non-jurisdictional exhaustion

inquiry").  Only where "a statute . . . contain[s] sweeping and direct statutory language

indicating that there is no federal jurisdiction prior to exhaustion" may courts conclude that a

particular exhaustion requirement is jurisdictional.  Avocados Plus, 370 F.3d at 1248 (quoting

Weinberger v. Salfi, 422 U.S. 749, 757 (1975)) (internal quotation marks and treatise citation

omitted).  Thus, when faced with a statutory exhaustion requirement, the Court must "presume

17

[that] exhaustion is non-jurisdictional unless Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." Id. (internal quotation marks and citations omitted).

The Supreme Court's unanimous decision in Arbaugh v. Y & H Corp., ___ U.S. ____, 126 S.Ct. 1235 (2006), confirms the correctness of the rule articulated in Avocados Plus.  In Arbaugh, the Court distinguished prerequisites that are genuinely jurisdictional from those which are not jurisdictional barriers but constitute merely an "ingredient of . . . [the] claim for relief." Id. at ____, 126 S.Ct. at 1238.  The Court acknowledged the propensity of some federal courts to blur the distinction between the two types of requirements, see id. at ____, 126 S.Ct. at 1242 (noting that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief-a merits-related determination") (internal quotation marks and citation omitted).  And, the Court went on to observe that decisions which classify prerequisites to suit as jurisdictional barriers without carefully examining whether the requirement strips the Court of power to hear a case merely  "obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim," id. at ___, 126 S.Ct. at 1242 (citation omitted).

In place of the cursory analysis offered by "such unrefined dispositions," id., which the Court characterized as "drive-by jurisdictional rulings that should be accorded no precedential effect on the question whether the federal court had authority to adjudicate the claim in suit," id. at ___, 126 S.Ct. at 1242-43 (internal quotation marks and citations omitted), Arbaugh directs

courts to look directly at the text of the statute to determine if the prerequisite it imposes is jurisdictional in character, see id. at ___, 126 S.Ct. at 1245. Thus, the Court held:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character.

Id. (footnote and internal citation omitted). Applying this rule, the Court concluded that Congress did not intend the "employee-numerosity requirement" in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) (2000)—pursuant to which only employers with fifteen or more workers are subject to suit under Title VII—to constitute a jurisdictional barrier to suit but merely an element of the plaintiff's claim. See id. (contrasting § 2000e(b) with statutes in which Congress clearly created jurisdictional prerequisites to filing civil actions in federal court).

Here, the administrative exhaustion requirement pertaining to the plaintiffs' claim for a "[r]efund of all unassessed taxes, [the] return of all seized property, [and the] return of all levied funds," Compl. ¶ 33, is contained in 26 U.S.C. § 7422, which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added). By its plain terms, the provision precludes a civil action from proceeding in federal court before the plaintiff files a refund claim with the Secretary of the Treasury and complies with the administrative procedures adopted by the Secretary. Under the

rule expressed in Arbaugh, ___ U.S. at ____, 126 S.Ct. at 1245, and Avocados Plus, 370 F.3d at

1248, § 7422(a) thus creates a jurisdictional barrier to suits seeking a refund of taxes already

collected.  See Commissioner of Internal Revenue v. Lundy, 516 U.S. 235, 240 (1996)

(recognizing that § 7422(a) "make[s] timely filing of a refund claim a jurisdictional prerequisite

to bringing suit"); Mason v. United States, Civ. No. 00-272, 2001 WL 241799, at *1 (D.C. Cir.

Feb. 2, 2001).  Because the defendant's arguments seeking dismissal of the plaintiffs' refund

claim and its demands for declaratory and injunctive relief challenge the Court's subject matter

jurisdiction, its motion to dismiss those claims for relief is timely under Federal Rule of Civil

Procedure 12(h)(3).

### b. The Defendant's 12(b)(6) Challenge

The Court concludes that the defendant's argument that the plaintiffs failed to exhaust

their administrative remedies prior to filing this action does not raise a question of the Court's

jurisdiction as to the plaintiffs' damages claim.  Therefore, the defendant's motion to dismiss the

plaintiff's claim for damages, unlike the defendant's arguments regarding the plaintiffs' other

three forms of requested relief, is not properly brought under the rubric of Rule 12(b)(1).  Unlike

the provision in 26 U.S.C. § 7422 which requires the exhaustion of administrative remedies prior

to filing a civil suit seeking a refund of federal taxes, the section of the Internal Revenue Code

governing claims for damages based on actions of the IRS, 26 U.S.C. § 7433, does not make the

exhaustion of administrative remedies a jurisdictional prerequisite to bringing suit in federal

court.  This affirmative defense is thus properly brought through a motion to dismiss for failure

to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  For the reasons

discussed below, the Court concludes that the defendant has timely raised this defense.

Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded under [§ 7433(b)] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).  Under the Circuit Court's decision in Avocados Plus, 370 F.3d at 1248, the Court must begin by "presum[ing] [that] exhaustion is non-jurisdictional," id., and it may depart from this presumption only if § 7433(d)(1)'s exhaustion prerequisite "states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision," id.  See also Arbaugh, ___ U.S. at ____, 126 S.Ct. at 1245 (noting that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character").  Nothing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayer suits seeking damages for the conduct of the IRS.  Indeed, nowhere in all of § 7433 is there "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion." Avocados Plus, 370 F.3d at 1248 (internal citation and quotation marks omitted).[10]  See also

---

[10] The IRS has promulgated a regulation which purports to make the exhaustion of administrative remedies a jurisdictional prerequisite to filing a suit for damages.  See 26 C.F.R. § 301.7433-1 (2006).  Specifically, § 301.7433-1(a) states in pertinent part that "an action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section."  26 C.F.R. § 301.7433-1(a).  Subsection (d)(1) of § 301.7433-1 provides:

> Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:  (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

26 C.F.R. § 301.7433-1(d)(1).

While the language of these regulatory provisions would appear to deprive federal courts of jurisdiction over cases where the administrative remedies set forth in § 301.7433-1(e) have not been exhausted, the Court is not persuaded that the IRS's promulgation of § 301.7433-1(e) does, or even could, transform the exhaustion requirement of 26 U.S.C. § 7433—which, for the reasons discussed supra, does not by its language impose a jurisdictional prerequisite to suit—into a jurisdictional barrier.  Both the Supreme Court in Arbaugh, ___ U.S. at ___, 126 S.Ct. at
(continued...)

21

Arbaugh, ___ U.S. at ____, 126 S.Ct. at 1245 (stating that "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue") (footnote and internal citation omitted).

In determining that § 7433(d)(1) does not create a jurisdictional barrier to suit, the Court is in agreement with the conclusion reached by several other members of this Court who have confronted this same question.  Turner v. United States, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (Bates, J.); Cain v. United States, Civ. No. 06-132, 2006 WL 1890015, at *1 n.2 (D.D.C. July 10, 2006) (Roberts, J.); Stephens v. United States, ___ F. Supp. 2d ___, ___, 2006 WL 1744256, at *2 (D.D.C. June 23, 2006) (Huvelle, J.).  At the same time, the Court is cognizant that its position departs from the conclusion reached by other members of this Court and by other Circuits.  See, e.g., Lohmann v. United States, Civ. No. 05-1976, 2006 WL 1826770, at *1 (D.D.C. July 3, 2006) (Kennedy, J.); Scott v. United States, 416 F. Supp. 2d 116, 118 (D.D.C. 2006) (Huvelle, J.); Glass v. United States, 424 F. Supp. 2d 224, 228 (D.D.C. 2006) (Huvelle, J.) (holding that under the standard established in Avocados Plus, 370 F.3d at 1247, the exhaustion

---

[10](...continued)
1245, and the District of Columbia Circuit in Avocados Plus, 370 F.3d at 1248, direct the Court to turn to the language employed by Congress in creating an exhaustion requirement, not the provisions of regulations delineating the administrative procedures to be followed, when determining whether such a requirement is jurisdictional in character.  Indeed, the Constitution vests the exclusive authority to expand or contract the jurisdiction of lower federal courts with Congress, not the executive branch.  See Const. art. I § 1; Palmore v. United States, 411 U.S. 389, 400-01 (1973) ("The decision with respect to inferior federal courts, as well as the task of defining their jurisdiction, was left to the discretion of Congress.").  Moreover, because the language of 26 U.S.C. § 7433 is clear and unambiguous with respect to its imposition of a non-jurisdictional exhaustion requirement, the Court need not accord 26 C.F.R. § 301.7433-1 formal Chevron deference in its interpretation of 26 U.S.C. § 7433.  See Hornbeck Offshore Transp., LLC v. U.S. Coast Guard, 424 F. Supp. 2d 37, 46 (D.D.C. 2006) (holding that "[w]here the Court can easily discern Congressional intent from the statutes' plain language, the Court's APA review terminates at step one of the Chevron review and the Agency's construction is owed no deference").  Accordingly, 26 C.F.R. § 301.7433-1 cannot transform 26 U.S.C. § 7433's statutory non-jurisdictional exhaustion requirement into a jurisdictional requirement.

requirement in 26 U.S.C. § 7433(d)(1) is jurisdictional), recons. denied, 2006 WL 1582281

(D.D.C. June 5, 2006); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004) (Leon,

J.) (holding that 26 U.S.C. § 7433(d)(1) "limits the [D]istrict [C]ourt's jurisdiction" and that the

failure to file an administrative claim pursuant to 26 C.F.R. § 301.7433-1(e) deprives a court of

subject matter jurisdiction.); see also Romp v. United States, 96 F. App'x 978, 980 (6th Cir.

2004) (holding that where complaint failed to allege that plaintiff had exhausted administrative

remedies under 26 U.S.C. § 7433(d)(1), the District Court lacked subject matter jurisdiction and

"should have dismissed it for that reason alone"); Fishburn v. Brown, 125 F.3d 979, 982 (6th

Cir. 1997) (holding that failure to exhaust administrative remedies under 26 U.S.C. § 7433(d)(1)

deprives a Court of subject matter jurisdiction); Amwest Surety Co. v. United States, 28 F.3d

690, 696 (7th Cir. 1994); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994) (holding that

"[t]he failure to comply [with Treas. Reg. 301.7432-1(f)] deprives a court of jurisdiction even

though the IRS has received actual notice of the claim and never informs the taxpayer of the

proper procedures"); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993) (holding

that where plaintiff had not exhausted administrative remedies under 26 U.S.C. § 7433, "[t]he

court lacked jurisdiction to hear her"); Turner v. United States, 372 F. Supp. 2d 1053, 1061-62

(S.D. Ohio 2005); Sintz, Campell, Duke and Taylor v. United States, 197 B.R. 351, 356 (S.D.

Ala. 1996); Simmons v. United States, 875 F. Supp. 318, 319 (W.D.N.C. 1994); Music Deli &

Groceries, Inc. v. I.R.S., 781 F. Supp. 992, 997 (S.D.N.Y. 1991).

    The  Court finds it unnecessary to follow this second line of authority for several reasons.

First, decisions issued by other members of the Court prior to the District of Columbia Circuit's

holding in Avocados Plus, 370 F.3d at 1248, see, e.g., McGuirl, 360 F. Supp. 2d at 128, and

decisions issued after Avocados Plus that do not apply the rule set forth there, see, e.g., Lohmann, 2006 WL 1826770, at *1, have no persuasive value.  Second, as to decisions of members of the Court issued after Avocados Plus and decisions of other Circuits, the Supreme Court directs the Court to "accord[] no precedential effect" to decisions which fail to examine specifically the jurisdictional character of a particular statutory requirement by referencing the language used by Congress in creating the requirement.  Arbaugh, ___ U.S. at ___, 126 S.Ct. at 1242-43 (internal quotation marks and citation omitted).  Third, while one decision issued by another member of the Court expressly relied on the Circuit Court's decision in Avocados Plus in finding that § 7433 imposes a jurisdictional barrier to suit, see Glass, 424 F. Supp. 2d at 228 (Huvelle, J.) (holding that under the standard established in Avocados Plus, 370 F.3d at 1247, the exhaustion requirement in 26 U.S.C. § 7433(d)(1) is jurisdictional), that member of the Court has since held that § 7433 is not jurisdictional, see Stephens, ___ F. Supp. 2d at ___, 2006 WL 1744256 (Huvelle, J.) (stating that "the Court finds that the exhaustion requirement in this case [under § 7433] is non-jurisdictional in nature").

Having concluded that the exhaustion requirement imposed by § 7433 is not jurisdictional, the Court accordingly finds that the defendant's motion to dismiss the plaintiffs' damages claim is not properly brought under Federal Rule of Civil Procedure 12(b)(1), but rather should be construed as raising a defense of failure to state a claim upon which relief can be granted under Rule 12(b)(6).  See Jaeger v. United States, Civ. No. 06-625 (JDB), 2006 WL 1518938, at *1 (D.D.C. May 26, 2006) (holding that dismissal for failure to satisfy § 7433's exhaustion requirement is properly raised under Rule 12(b)(6)).  Moreover, because the defendant asserts that the plaintiffs have failed to state a claim upon which relief can be granted,

the Court determines that the defendant, by filing its initial motion to dismiss on insufficient service of process grounds, has not waived its right to raise the plaintiffs' failure to exhaust their administrative remedies as to their damages claim as a defense.  While Rule 12(g) requires most defenses raised under Rule 12 to be joined in one motion to preserve the ability to raise the defense, <u>see</u> Fed. R. Civ. P. 12(g), a defendant does not waive its right to assert that the plaintiff has failed to state a claim upon which relief can be granted simply by not including that defense in its initial Rule 12(b) motion to dismiss.  This is so because Rule 12(g) expressly excludes from its waiver provision the defenses listed in Rule 12(h)(2).  Fed. R. Civ. P. 12(g).  Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings [pursuant to Rule 12(c)], or at trial on the merits."  Read together, Rules 12(g) and 12(h)(2) plainly indicate that a defense of failure to state a sustainable claim is not waived simply by the defendant's failure to include it in an initial 12(b) motion submitted to the Court.  Thus, the defendant here has not yet waived its right to challenge the sufficiency of the plaintiffs' complaint on the grounds that they failed to exhaust their administrative remedies.

It is not readily apparent from Rule 12, however, whether a defendant who has filed an earlier motion to dismiss pursuant to Rule 12(b) can subsequently submit an additional motion to dismiss pursuant to Rule 12(b)(6).  On the one hand, the enumeration in Rule 12(h)(2) of three methods for raising the defense of failure to state a claim after a prior motion to dismiss has been filed suggests that these are the exclusive means for doing so.  The weight of authority is in accord, <u>see</u> <u>Stoffels ex rel. SBC Concession Plan v. SBC Commc'n, Inc.</u>, 430 F. Supp. 2d 642, 647 (W.D. Tex. 2006) (reviewing treatises and cases and concluding that "review of the relevant

authorities confirms that Rule 12(g) normally bars successive pre-answer motions to dismiss"),

and several treatises indicate that the provision of Rule 12(g) which "normally bars successive

pre-answer motions to dismiss . . . . extends to the three 'substantial defenses' listed in 12(h)(2),

including failure to state a claim upon which relief can be granted under Rule 12(b)(6)," id.

(citing 5C Wright & Miller, Fed. Prac. & Proc. § 1385, and 2 James W. Moore, et al., Moore's

Federal Practice § 12.23, at 12-29).[11]

On the other hand, "despite the weight of the authority, allowing consideration of a

second 12(b)(6) motion to dismiss is not an entirely uncommon practice." Id. at 648. As the

Stoffels Court noted, "in a limited number of cases the district court has exercised its discretion

to permit a second preliminary motion to present a Rule 12(b)(6) defense, although it was

technically improper to do so." Id. (quoting 5C Wright & Miller, Fed. Prac. & Proc. § 1385)

(internal quotation marks omitted); see also DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14,

23 (D.D.C. 2002) (holding that a defendant's filing of multiple motions to dismiss under Rule

12(b)(6) was "harmless error" because the defense of failure to state a claim may be raised at any

time in a motion for judgment on the pleadings).

Courts are most likely to allow defendants to bring a second Rule 12(b)(6) motion in

cases where "the problem [Rule] 12(g) was designed to prevent—unnecessary delay—[is] not a

concern." Stoffels, 430 F. Supp. 2d at 648 (citing Donnelli v. Peters Securities Co., Civ. No. 02-

---

[11] Professors Wright and Miller, for instance, state that "[t]he right to raise these defenses by preliminary motion is lost when the defendant neglects to consolidate them in his initial motion." Stoffels, 430 F. Supp. 2d at 647 (quoting 5C Wright & Miller, Fed. Prac. & Proc. § 1385); see also id. ("Rule 12 provides exceptions to the waiver resulting from Rule 12(g)'s prohibition against successive motions in Rule 12(h)(2), because certain defenses are considered so fundamental that they may be raised even during trial. If omitted from the initial motion, those matters may not be raised in a successive Rule 12 motion, but may be raised in any Rule 7(a) responsive pleading, in a Rule 12(c) motion for judgment on the pleadings, or at trial on the merits.") (quoting 2 James W. Moore et al., Moore's Federal Practice § 12.23, at 12-29) (emphasis added).

691, 2002 WL 2003217 (N.D. Ill. Aug. 29, 2002)).  In <u>Campbell-El v. District of Columbia</u>, 881

F. Supp. 42 (D.D.C. 1995), for instance, a former member of this Court permitted the defendant

to bring a second motion under Rule 12(b)(6) "in order to avoid undue delay," noting that the

defendants were not "repeating arguments on which the Court has already substantively ruled,"

<u>id.</u> at 43, despite the Court's awareness that allowing the defendants to file multiple Rule

12(b)(6) motions "runs counter to [Rule 12(g)]," <u>id.</u>; <u>see also</u> <u>Strandell v. Jackson County,</u>

<u>Illinois</u>, 648 F. Supp. 126, 129 (S.D. Ill. 1986) (allowing second Rule 12(b)(6) motion and

holding that "[a]lthough the proper procedure for raising the [Rule 12(b)(6) ] defenses now at

issue is in a motion for judgment on the pleadings, 'since the objection of failure to state a claim

is so basic and is not waived, the Court might properly entertain the second motion to dismiss if

convinced that it is not interposed for delay and that the disposition of the case on the merits can

be expedited by so doing.'") (quoting 2A Moore's Federal Practice ¶ 12.22 at 12-102); <u>Donnelli</u>,

2002 WL 2003217, at *4 (N.D. Ill. Aug. 29, 2002) (permitting the defendant to move for

dismissal under Rule 12(b)(6), even though it had previously moved to dismiss pursuant to Rules

12(b)(2) and 12(b)(3), on the grounds that the "defendants' motion was not filed for the purpose

of delay and that the adjudication of the instant motion will narrow the scope of this matter,

greatly expediting [the] resolution of the case").

 Relying on <u>Donnelli</u> and several treatises, the Court in <u>Stoffels</u> similarly concluded that

the defendant should not be barred from submitting a second Rule 12(b) motion to assert the

plaintiffs' failure to state a claim upon which relief can be granted.  <u>Stoffels</u>, 430 F. Supp. 2d at

649.  The Court found "no evidence that [the] Defendant intended delay," but rather that he

merely "abandoned a bad argument for a better one."  <u>Id.</u> at 648.  Additionally, the <u>Stoffels</u>

Court noted that "[t]he practical effect of considering Defendant's second 12(b)(6) motion would not be further delay, since [the] Defendant's original motion was still pending when the second motion was submitted." Id. (footnote omitted). Finally, along somewhat more pragmatic lines, the Court concluded that:

> Rule 12(h)(2)—though clearly by its language not intended to allow successive Rule 12(b)(6) motions—is intended to preserve the defenses listed therein, including a 12(b)(6) failure to state a claim defense, by permitting these defenses to be raised at other times in the case before entry of final judgment. A strict application of Rule 12(g) would result in the denial of Defendant's second 12(b)(6) motion, but Rule 12(h)(2) would allow Defendant[] to raise the defense of failure to state a claim on summary judgment or at trial. Allowing Defendant's second motion would simply permit consideration now of a defense that would otherwise be raised at a later stage, presumably the summary judgment stage; for that reason, there are no dilatory effects created by considering the defense at this stage.

Id. at 648-49 (internal citation, emphases, and footnotes omitted). "[B]ecause the Rule 12(b)(6) defense is so basic that it cannot be waived," the Stoffels Court stated that "a more permissive approach to this problem, when intended to advance the central purpose of [Rule] 12(h)—the preservation of certain defenses—is appropriate when delay is not a concern," id. at 649, and thus "'the [C]ourt might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite disposition of the case on the merits,'" id. (quoting 5C Wright & Miller, Fed. Prac. & Proc. § 1392 at 528). Accordingly, the Stoffels Court permitted the defendant to bring a second Rule 12(b)(6) motion. Id.

In this case, the Court concludes that the defendant should not be barred from moving to dismiss the plaintiffs' claim for damages despite having moved for dismissal previously on the basis of insufficient service of process. Here, as in Campbell-El, 881 F. Supp. at 43, Strandell, 648 F. Supp. at 129, Donnelli, 2002 WL 2003217, at *4, and Stoffels, 430 F. Supp. 2d at 648,

28

there is no indication that the defendant's supplemental motion to dismiss under Rule 12(b)(6) is intended to delay the proceedings. Indeed, as in <u>Stoffels</u>, the defendant here already had a motion to dismiss pending when it filed its supplemental motion. Therefore, permitting the second motion would not interrupt the efficient adjudication of the plaintiffs' case.

Were the Court to preclude the defendant from raising the defense of the plaintiffs' failure to exhaust their administrative remedies at this stage, the defendant would undoubtedly raise precisely the same defense in its answer, in a motion for judgment on the pleadings, or at trial. Thus, delaying resolution of this issue at this time would neither serve the interests of the parties—who have already briefed the issue, and who would bear the costs of further proceedings—nor promote judicial economy.[12] Accordingly, the Court concludes that the defendant's Rule 12(b)(6) motion is timely.

### 2. The Merits of the Complaint

The defendant asserts that the plaintiffs are barred from claiming all four types of relief sought in their complaint. Def.'s Supp. Mem. at 2. Specifically, the defendant contends that (1) declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201, Def.'s Supp. Mem. at 1 n.2; (2) the Court lacks the authority to grant the plaintiffs' request for an injunction by the Anti-Injunction Act, 26 U.S.C. § 7421, Def.'s Supp. Mem. at 3-5; and (3) the plaintiffs

---

[12] Additionally, the Court notes that even if the defendant were unable to raise the defense of the plaintiffs' failure to exhaust their administrative remedies pertaining to the plaintiffs' damages claim by its supplemental motion, the Court could address this component of the plaintiffs' claim <u>sua sponte</u>. <u>See Jaeger v. United States</u>, Civ. No. 06-625 (JDB), 2006 WL 1518938, at *1 (D.D.C. May 26, 2006) (holding that "[w]here, as here, the failure to state a claim is patent, 'it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources' for the Court to dismiss the action <u>sua sponte</u>" and that "in light of controlling precedent, it cannot seriously be argued that the Court may not, of its own accord, inquire into plaintiff's failure to exhaust administrative remedies") (quoting <u>Baker v. Director, U.S. Parole Comm'n</u>, 916 F.2d 725, 726 (D.C. Cir. 1990)). In this case, as a matter of policy, it seems unfair and unwise to require strict, unforgiving adherence to Rule 12(h)(2)'s prescription of the means by which the defendant may subsequently raise a defense undisputedly preserved by that rule in cases where the defendant's first Rule 12(b) motion attacked the sufficiency of service upon the defendant.

failed to exhaust administrative remedies with respect to their claims for a refund, 26 U.S.C. §

7422, Def.'s Supp. Mem. at 2-3, and for damages, 26 U.S.C. § 7433, Def.'s Supp. Mem. at 5-7.

For the reasons set forth below, the Court agrees with the defendant that the plaintiffs are

precluded from seeking all four forms of relief.

### a.  The Request for Declaratory Relief

The complaint appears to seek, <u>inter alia</u>, a ruling declaring that the defendant has

violated the Internal Revenue Code in one or more respects.  Compl. ¶ 31.  As the defendant

correctly points out, however, the Court lacks the power to grant such relief under the

Declaratory Judgment Act, 28 U.S.C. § 2201.  While § 2201(a) empowers a federal court "[i]n a

case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal

relations of any interested party seeking such declaration," <u>id.</u>, that section expressly excludes

from its scope "[f]ederal taxes other than actions brought under section 7428 of the [IRC]," <u>id.</u>

As previously noted, the exception to § 7428' s proscription is inapplicable in this case.

Therefore, because the Court lacks jurisdiction to consider the plaintiffs' claim for declaratory

relief, this part of the plaintiffs' claim must be dismissed pursuant to Rule 12(b)(1).

### b.  The Request for Injunctive Relief

The plaintiffs also seek in their complaint an injunction barring the

[IRS], its officers, employees, and anyone working or acting in behalf of the IRS,
including any and all U.S. attorneys, employees of the Department of Justice and
judges from engaging in any further collection activity whether civil or criminal until
all claims are fully resolved, and the return of all sums wrongfully collected.

Compl. ¶ 34.  As discussed earlier, the Anti-Injunction Act, 26 U.S.C. § 7421, precludes the

Court from granting such injunctive relief.  Section 7421(a) provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). None of the statutory exceptions delineated in § 7421(a) is applicable here.[13] By the plain language of the statute, the Court lacks the power to grant the injunctive relief the plaintiffs seek.

The plaintiffs, however, assert in their complaint that a judicially-created exception to the prohibition on injunctive relief imposed by § 7421(a) permits the Court to enjoin the defendant from the collection and assessment activity about which the plaintiffs complain. Compl. ¶ 30. The origin of this exception is the Supreme Court's decision in Enochs, 370 U.S. at 7, in which the Court stated:

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and . . . the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in the guise of a tax.

---

[13] Although the plaintiffs do not suggest in their responses to the defendant's motions to dismiss that any of the statutory provisions listed in § 7421 provides a basis for invoking an exception to § 7421's broad prohibition on orders enjoining the assessment or collection of federal tax, the plaintiffs' complaint does make reference to three of the statutes alluded to in § 7421(a), alleging that the defendant in some way "disregarded" (1) 26 U.S.C. § 6212 "by failing to send plaintiff(s) [sic] a notice of deficiency (90 day letter) [sic]," Compl. ¶ 7(g); (2) 26 U.S.C. § 6213(a) "by failing to notice plaintiff(s) [sic] of the last date on which plaintiff(s) [sic] could file a petition to the Tax Court," Compl. ¶ 7(h); and (3) 26 U.S.C. § 6330(a) "by failing to provide plaintiff(s) with notice of a right to an impartial hearing," Comp. ¶ 7(k). However, even if these allegations would suffice to enable the Court to grant the injunctive relief the plaintiffs seek, the plaintiffs have not offered, in either their complaint or in their responses to the defendant's motions to dismiss, any factual basis whatsoever to support these conclusory statements. See generally Compl.; Pls.' Obj.; Pls.' Resp. Accordingly, the Court concludes that none of the exceptions to 26 U.S.C. § 7421 applies in this case.

Id. (internal quotation marks, footnote, and citation omitted, emphasis added).[14]  Thus, only where "the record . . . indicate[s] that equitable considerations justify relief" and where "even 'under the most liberal view of the law and facts, the United States cannot establish its claims'" may the Court invoke the exception recognized in Enochs and grant an injunction restraining the assessment or collection of federal tax.  Smaldone v. Kurtz, 450 F. Supp. 1138, 1140 (D.D.C. 1978) (quoting Enochs, 370 U.S. at 7); see also Laing v. United States, 423 U.S. 161, 196 (1976) (Blackmun, J., dissenting) (stating that Enochs "obviously is a very narrow exception and is subject to a twofold test:  a clear indication that the Government cannot prevail, and the presence of an equity consideration in the sense of threat of irreparable injury for which there is no adequate legal remedy").  Because the applicability of the Enochs exception is dispositive of the Court's jurisdiction over the plaintiffs' claim for an injunction, the burden is on the plaintiffs to establish that the exception applies here.  DaimlerChrysler Corp. v. Cuno, ___ U.S. ___, ___, 126 S.Ct. 1854, 1861 n.3 (May 15, 2006) (holding that "the party asserting federal jurisdiction when it is challenged has the burden of establishing it"); see also Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970) (indicating that the plaintiff must establish the applicability of the Enochs exception).

    In the present case, the plaintiffs clearly have failed to meet their burden of showing that the Enochs exception applies.  As to the first element of the Enochs test, the plaintiffs have

---

[14] Courts have also recognized a second, distinct exception to the prohibition imposed by the Anti-Injunction Act, applicable in cases where "the plaintiff has no alternative legal avenue for challenging a tax.," South Carolina v. Regan, 465 U.S. 367, 373 (1984), on the grounds that "the [Anti-Injunction] Act's purpose and the circumstances of its enactment indicate that Congress did not intend the Act to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy," id. at 378; see also Nat'l Taxpayers Union v. United States, 68 F.3d 1428, 1436 (D.C. Cir. 1995) (discussing the second exception created by the Supreme Court in South Carolina).  The plaintiffs, however, have not at any point asserted that this second exception applies in this case.  The Court therefore need not address its applicability here.

offered nothing but a broad, factually unsupported statement that "[t]he United States has no possibility of rebutting the claims of [the] plaintiff(s)."  Compl. ¶ 30.  As the defendant notes, Def.'s Supp. Mem. at 4-5, the plaintiffs do not specify the tax years in which the alleged improper assessments were made, the categories of taxes at issue, or the amounts or dates of the improper tax assessments, see generally Compl.  On what has been submitted to the Court, it certainly cannot conclude, even "under the most liberal view of the law and facts," Enochs, 370 U.S. at 7, that "the Government [clearly] cannot prevail," Laing, 423 U.S. at 196 (Blackmun, J., dissenting).  Likewise, the plaintiffs have also failed to demonstrate the second component of the Enochs exception, as they have offered no factual support whatsoever for their sweeping allegation that "[the] Plaintiff(s) has/have [sic] already suffered extreme hardship."  Compl. ¶ 30. For these reasons, the Court must reject the plaintiffs' contention that the Enochs exception applies in this case.[15]  The Court therefore concludes that it lacks jurisdiction over the plaintiffs' claim for injunctive relief.

### c. The Requests for Tax Refund and Return of Property

The plaintiffs' complaint also seeks a "refund of all unassessed taxes, [the] return of all seized property, [and the] return of all levied funds."  Compl. ¶ 33.[16]  As the defendant correctly

---

[15] The plaintiffs assert that the Supreme Court's decision in Laing, 423 U.S. 161, controls the issue here. The Court cannot agree.  To be sure, in Laing, the Court held that "[b]ecause the District Director failed to comply with [the notice] requirements [of 26 U.S.C. § 6861(b)] in the[] [cases before it], the taxpayers' suits were not barred by the Anti-Injunction Act, [26 U.S.C. § 7421]."  Id. at 184-85.  And, because 26 U.S.C. § 6863 "bars the offering for sale of property seized until the taxpayer has had an opportunity to litigate in the Tax Court," and the IRS District Director did not comply with these procedures, the Anti-Injunction Act did not apply.  Here, however, the plaintiffs have neither alleged a violation of § 6861, nor have they presented any specific facts to show that the defendant failed to satisfy any other notice requirement imposed by the Internal Revenue Code.  Accordingly, the court finds that Laing also does not permit the Court in this case to ignore the clear language of 26 U.S.C. § 7421(a).

[16] In their most recent filing, however, the plaintiffs assert that the defendant is "attempt[ing] to dismiss a refund suit neither intended, nor filed."  Pls.' Resp. at 4.  The Court could therefore consider this claim for relief to have been abandoned.

notes, 26 U.S.C. § 7422(a) plainly bars the plaintiffs from seeking the "recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury]." 26 U.S.C. § 7422(a); United States v. Dalm, 494 U.S. 596, 601-02 (1990) (holding that § 7422(a) requires a taxpayer seeking a refund to file a claim for a refund before filing suit to collect the refund). The procedure promulgated by the IRS for filing such refund claims with the Secretary is contained in 26 C.F.R. § 301.6402-2.

The plaintiffs no longer contend that they filed the refund claim required by 26 U.S.C. § 7422(a) in the manner prescribed by 26 C.F.R. § 301.6402-2.[17] Their responses to the defendant's motions to dismiss make no reference to the exhaustion requirement set forth in 26 U.S.C. § 7422(a), and at no point have they alleged that they complied with the protocols set forth in 26 C.F.R. § 301.6402-2. The Court therefore concludes that the plaintiffs are barred from pursuing their claim for a refund of taxes collected or property seized by the IRS because the Court lacks jurisdiction over their refund claim pursuant to 26 U.S.C. § 7422.

d. *The Request for Damages*

The plaintiffs seek an award of damages for the defendant's alleged violations of the IRC. Compl. ¶ 32. In response, the defendant contends that the plaintiffs' damages claim must

---

[17] The plaintiffs state in their complaint that they "have exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant and properly petitioning, for all years in question, the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for refunds." Compl. ¶ 29. Additionally, in an affidavit attached to their complaint, the plaintiffs state that they have "requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from [the plaintiffs]." Compl., Ex. 1 ¶ 14 (Affidavit of Stephen J. Lindsey and Patricia L. Lindsey, Aug. 30, 2005). In their response to the defendant's motion to dismiss, however, the plaintiffs do not contend that they exhausted the remedies pertinent to their refund claim, nor do they at any point indicate they exhausted the administrative remedies pertaining to the other forms of relief they seek. Additionally, as noted above, the plaintiffs now appear to deny having included a claim for a refund in their suit. See Pls.' Resp. at 4 (alleging that the defendant is "attempt[ing] to dismiss a refund suit neither intended, nor filed").

be dismissed because they have not exhausted their administrative remedies as required by 26

U.S.C. § 7433(d)(1).  This section of the IRC provides that "[a] judgment for damages shall not

be awarded . . . unless the court determines that the plaintiff has exhausted the administrative

remedies available to such plaintiff within the Internal Revenue Service."  Id.  The IRS has

promulgated a regulation detailing the administrative procedures plaintiffs wishing to bring suit

under § 7433 must complete before they may file a complaint in federal court.  See 26 C.F.R. §

301.7433-1.  While the Court concludes, for the reasons stated earlier, that § 301.7433-1 does

not impose a jurisdictional prerequisite to filing a lawsuit, part (e) of this regulation establishes

the administrative remedies called for by 26 U.S.C. § 7433(d)(1).  Consequently, the Court may

not award a judgment for damages to a plaintiff bringing an action under 26 U.S.C. § 7433

where that plaintiff has not first satisfied the administrative procedures set forth in 26 C.F.R. §

7433-1(e).  See Turner, 429 F. Supp. 2d at 153.

        As in Turner, the plaintiffs here do not contest that they did not exhaust the

administrative remedies promulgated in 26 C.F.R. § 301.7433-1, claiming instead that the

regulation "was the source of the claimed wrong, not a possible avenue for its redress."  Pls.'

Resp. at 20 (quoting Pacific Tel. & Tel. Co. v. Pub. Util. Comm'n of California, 443 U.S. 1301,

1305 (Rehnquist, Circuit Justice 1979)).  The Court is therefore precluded, under the express

terms of 26 U.S.C. § 7433(d)(1), from entering a judgment awarding damages to the plaintiffs.

Because it cannot grant this form of relief, the Court must dismiss this component of the

plaintiffs' complaint.  Accordingly, lacking any basis to excuse the plaintiffs' failure to exhaust

those remedies, the Court concludes that the plaintiffs are barred from seeking damages under 26

U.S.C. § 7433, and it grants the defendant's motion to dismiss the plaintiffs' damages claim pursuant to Rule 12(b)(6).

**C.     Leave to Amend**

In their response to the defendant's supplemental motion to dismiss, the plaintiffs appear to raise a facial challenge to 26 C.F.R. § 301.7433-1. <u>See</u> Pls.' Resp. at 12-15. Although they did not include it in their original complaint, <u>see generally</u> Compl., it is clear that the plaintiffs are entitled to add this new claim by way of amendment. Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his or her complaint "as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Rule 15(a) "guarantee[s] a plaintiff an absolute right to amend [his or her] complaint once at any time before the defendant has filed a responsive pleading." <u>James V. Hurson Assocs., Inc. v. Glickman</u>, 229 F.3d 277, 282-83 (D.C. Cir. 2000). The District of Columbia Circuit has "repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15." <u>Id.</u> at 283 (citations omitted). Thus, where a "defendant has filed a motion to dismiss and not a responsive pleading, the court grants the plaintiff's proposed amendment as of right." <u>Adams v. Quattlebaum</u>, 219 F.R.D. 195, 197 (D.D.C. 2004). Here, the defendant has filed only motions to dismiss, not an answer to the complaint. Accordingly, the plaintiffs are entitled to amend their complaint to include a facial challenge to 26 C.F.R. § 301.7433-1.

To complicate matters further, the plaintiffs have neither moved to amend their complaint nor provided the Court a copy of the proposed amended complaint, as required by Local Civil Rule 7(i). While ordinarily this would preclude the plaintiffs from adding a new claim to their complaint, the situation is different where, as here, the plaintiffs are proceeding <u>pro</u> <u>se</u>. <u>See</u>

Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999).  In Richardson, the pro se plaintiff's initial complaint alleged negligence by the United States Air Force under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680 et seq. (2000).  Id. at 546.  In response to the government's motion to dismiss for lack of subject matter jurisdiction on the grounds that the conduct about which the plaintiff complained fell within the FTCA's exception for discretionary government functions, id., the plaintiff filed an opposition "assert[ing] that he did not seek compensation for tortious acts or omissions of military personnel," id. at 547, but rather for negligent manufacturing of a vaccine by a government contractor, a claim he argued was not barred by the FTCA, id.

Reversing the district court's ruling dismissing the plaintiff's case based on what had been pled in his complaint, the District of Columbia Circuit held that "the District Court abused its discretion in failing to consider [the plaintiff's] complaint in light of his reply to the [defendant's] motion to dismiss."  Id. at 548.  The Richardson Court identified four factors which weighed in favor of permitting the plaintiff to effectively amend his complaint by alleging what amounted to a new claim that had been made in response to the defendant's motion to dismiss.  Id. at 548-49.  First, the Court emphasized that because the plaintiff was proceeding pro se, the district court should not only have considered the plaintiff's complaint but rather "should have read all of [the plaintiff's] filings together before dismissing [the] case."  Id. at 548 (citations omitted).  Second, the Circuit Court noted that "at the time [the plaintiff] tendered his reply to the defendant's motion to dismiss, he could have amended his claim as of right because the defendant had filed no responsive pleading."  Id.  Third, the plaintiff in Richardson "both recognized the need for and attempted to make a change to his original complaint," id. at 549, as

reflected by the fact that after his complaint was dismissed he requested leave to file an amended

complaint, id. at 547.[18]  Fourth, the Court concluded that the defendant had failed to demonstrate

any prejudice it would suffer if the plaintiff was permitted to amend his complaint.  Id. at 549.

Applying the factors considered in Richardson, this Court concludes that the proper

course to take in this case is to permit the plaintiffs leave to file an amended complaint.  While

the plaintiffs' complaint is virtually indistinguishable from those in more than a dozen other

cases that have been filed in this Court, the plaintiffs here are proceeding pro se, and accordingly

the Court "must construe [their] filings liberally," id. at 548 (citing Haines, 404 U.S. at 520-21),

including claims raised for the first time in response to the defendant's motion to dismiss, see id.

Moreover, for the reasons discussed above, the plaintiffs in this case, like the plaintiff in

Richardson, are still entitled to amend their complaint as a matter of right.  See Fed. R. Civ. P.

15(a).  In contrast to Richardson, however, the plaintiffs here have not demonstrated an

awareness of the need to formally amend their complaint.  Cf. Richardson, 193 F.3d at 549.

Thus, unlike Richardson, the Court here cannot say with certainty that the plaintiffs intended by

their response to the defendant's supplemental motion to amend their complaint to include a

facial challenge to 26 C.F.R. § 301.7433-1.  While this assessment precludes the Court from

construing the plaintiffs' response, standing by itself, as an amendment to their complaint, the

Circuit Court's holding in Richardson appears to require that the Court permit the pro se

plaintiffs to clarify whether they intend to add a facial challenge to their complaint.  Although

the Circuit Court held in Richardson that the district court "apparently understood that the

---

[18] The district court granted the defendant's motion to dismiss on March 13, 1998.  Richardson, 193 F.3d at 547.  The plaintiff moved on May 4, 1998, for an extension of time in which to file a motion for leave to file an amended complaint, which the district court denied, and again moved for leave to file an amended complaint on May 7, 1998, which the court also denied.  Id.

plaintiff both needed to and wanted to" amend his complaint, see Richardson, 193 F.3d at 549, the plaintiff there did not seek leave to amend until nearly two months after the Court dismissed his complaint, see id. at 547.  To comply with what this Court understands to be the essence of the Circuit Court's decision in Richardson, this Court will therefore afford the plaintiffs the opportunity to amend their complaint for the sole purpose of asserting a facial challenge to 26 C.F.R. § 301.7433-1.  Thus, the plaintiffs may not amend their complaint in any other respect or add any additional claims to their complaint.  Cf. Wyatt v. Syrian Arab Republic, 362 F. Supp. 2d 103, 117 (D.D.C. 2005) (permitting plaintiffs to amend their complaint solely to specify under which law they were seeking relief).  And if the plaintiffs elect to amend their complaint to add this facial challenge, the defendant will be permitted to file another motion under Rule 12(b)(6) to dismiss this new claim, cf id. (prospectively permitting defendant to file subsequent Rule 12(b)(6) motion in response to the plaintiffs' amended complaint solely to challenge new claims), in addition to any other motions that will then be timely and appropriate under the Federal Rules of Civil Procedure.

## IV.  Conclusion

Although the Court concludes that service of the summons and complaint upon the defendant was improper under Federal Rule of Civil Procedure 4(c)(2), the Court denies the defendant's motion to dismiss on insufficient service of process grounds under Federal Rule of Civil Procedure 12(b)(5) because the pro se plaintiffs were not provided advance notice of the necessity of complying with the precise terms of Rule 4.  Moreover, dismissal on this ground would be inappropriate because the defect in the plaintiffs' service was not significant and has not caused the defendant any prejudice.  However, the Court grants the defendant's supplemental

39

motion to dismiss the claims for relief currently before the Court in the plaintiffs' complaint, because it lacks jurisdiction over three forms of relief sought by the plaintiffs and because the plaintiffs have failed to exhaust their administrative remedies with respect to the only other type of relief requested.  Finally, because it appears that the <u>pro se</u> plaintiffs conceivably intended to amend their complaint to include a facial challenge to 26 C.F.R. § 301.7433-1, the Court will grant the plaintiffs limited leave to amend their complaint solely to include this new claim if they choose to do so.

 **SO ORDERED** this 22nd day of August, 2006.[19]


REGGIE B. WALTON
United States District Judge

---

[19] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.