IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN J. LINDSEY and<br><br>PATRICIA LINDSEY,<br><br>　Plaintiffs,<br><br>　v.<br><br>UNITED STATES,<br><br>　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 1:05cv1761 (RBW) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED.R.CIV.P. 60(b)(3) & (6)**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs sought damages for alleged "wrongful collection," a tax refund and injunctive relief.

STATEMENT & DISCUSSION

1. <u>Background</u>.  Plaintiffs, Stephen J. & Patricia Lindsey, filed a complaint for damages on September 1, 2005.  (PACER #1.)  The United States filed a motion to dismiss on December 1, 2005, and a supplemental motion to dismiss on March 6, 2006. (PACER # 6 & 12.)  On August 22, 2006, the Court issued an order and opinion granting in part, and denying in part, the United States' motion to dismiss, and giving plaintiffs permission to amend their complaint to include a facial challenge to 26 U.S.C. § 301.7433-1.  (PACER #14 & 15.)  Plaintiffs failed to amend their complaint and the Court entered an order on October 4, 2006 dismissing plaintiffs' complaint with prejudice.  (PACER

#16.)

2. <u>Plaintiff's rule 60 motion</u>.  On March 12, 2007, plaintiff filed a motion for "relief from the Order . . . dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P.60(b)(3) and (6)."  (Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2.)  The motion seeks to vacate the Court's orders entered on August 22, 2006 and October 4, 2006.  (*Id*. at 11.)

3. <u>Plaintiff's rule 60(b)(3) motion is baseless</u>.  The standard for relief under rule 60(b)(3) is exacting: plaintiff must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct."  *Martin v. Howard Univ.* , 2000 WL 2850656, *3 (D.D.C. 2000), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud."  *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

Plaintiffs present ten arguments in support of their motion for reconsideration.  None specifies whether it is in support of rule 60(b)(3) or (6).  But it appears that only three allege misconduct, misrepresentation or fraud.  (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 3 - 10.)<u>1</u>/ Plaintiffs ask whether the

---

<u>1</u>/ These legal arguments are: 1) is dismissal with prejudice a "drastic" remedy (Mot. for Relief, p. 3); 2) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 4); 3) were the United States assertions regarding the Declaratory Judgment Act a fraud on the Court (p.4); 4) can section 7433 be harmonized with the Declaratory Judgment Act (p.5); 5) was dismissal for failure to state a claim premature under the notice pleading regime of the federal courts (p.6); 6) did plaintiffs adequately demonstrate their exhaustion of administrative remedies under the notice pleading regime of the federal courts (p. 7); 7) did the United States "read into" section 7433 an exhaustion requirement that was not in the statute (p.8); 8) is 26 U.S.C. §

United States misrepresented the Court's subject-matter jurisdiction, committed a fraud upon the Court by its Declaratory Judgment Act assertions, and willfully mischaracterized their complaint as a refund action. (*See, id.* at 4 & 9.)

The United States' position that a failure to exhaust administrative remedies deprives this Court of subject-matter jurisdiction under the principle of sovereign immunity is supported by caselaw in this jurisdiction, although the United States is aware that there is now a split of authority in this Court on this issue. Similarly, the United States' position that this Court lacks jurisdiction to declare the rights of parties with respect to federal taxes is supported by statute and caselaw. And, plaintiffs' request for a refund of taxes could not be clearer: they ask the Court for a "[r]efund of all unassessed taxes, return of all seized property, [and] return of all levied funds." (Compl. ¶ 33.) Accordingly, plaintiffs cannot show any misconduct, misrepresentation or fraud that would warrant relief under rule 60(b)(3).

In addition, because this Court explicitly declined to dismiss plaintiffs' complaint on the ground of subject-matter jurisdiction, and was correct as a matter of law with respect to the Declaratory Judgment Act and plaintiffs' refund claim, plaintiffs cannot demonstrate "actual prejudice" as required by rule 60(b)(3).

    4. <u>Plaintiff's rule 60(b)(6) motion is baseless</u>. Relief under Fed.R.Civ.P. 60(b)(6) should be only sparingly granted. *Computer Professionals for Social Responsibility v. Secret*

---

301.7433-1 a valid regulation (p.9); 9) did the United States willfully misconstrue plaintiffs' complaint as a "refund suit" (p.9); and 10) did plaintiffs establish an exception to the Anti-Injunction Act (p. 10)?

*Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). The rule applies only to extraordinary circumstances. *Id.* Nevertheless, when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

It is clear from plaintiffs' papers that all ten of their arguments are presentations of purely legal arguments. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 3 - 10.) Plaintiffs present only one new fact – they assert that they have now exhausted their administrative remedies by filing a claim with the Internal Revenue Service. (*See* Pltlfs.' Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6), at 11.)

This is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." The point of the earlier judgment was that plaintiffs had not, at that time, exhausted their administrative remedies. To be sure, that fact *may have changed* since the Court dismissed their complaint. But a *subsequent change in circumstances* is not a fact that justifies opening a settled judgment under rule 60(b)(6), or any other rule.

/
/
/
/

CONCLUSION

It is the position of the United States that plaintiffs' motion under Fed.R.Civ.P. 60(b)(3) & (6) should be denied.

DATE:   March 22, 2007.

Respectfully submitted,

 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone/FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3) & (6) was served upon plaintiff by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Stephen J. Lindsey
> Patricia Lindsey
> Plaintiffs *pro se*
> 9871 Standford Avenue
> Garden Grove, CA 92841

> /s/ Pat S. Genis
> PAT S. GENIS #446244