UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHEN J. LINDSEY and PATRICIA L. LINDSEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1761 (RBW) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Steven J. Lindsey and Patricia L. Lindsey, the plaintiffs in this civil suit, allege that the United States government, through the Internal Revenue Service (the "IRS"), "recklessly, intentionally[,] or by reason of negligence disregarded and continue to disregard provisions of Title 26 of the United States Code [(the "Internal Revenue Code" or the "IRC")] and the regulations promulgated thereunder."  Complaint ¶ 1.  On August 22, 2006, the Court issued a memorandum opinion and accompanying order addressing both the motion to dismiss for lack of proper service and the supplemental motion to dismiss for lack of subject-matter jurisdiction filed by the defendant.  See generally Lindsey v. United States, 448 F. Supp. 2d 37 (D.D.C. 2006) (Walton, J.).  In that memorandum opinion, the Court held that it had to deny the defendant's motion to dismiss for lack of proper service "because the pro se plaintiffs were not provided advance notice of the necessity of complying with the precise terms of [Federal Rule of Civil Procedure] 4," had to grant the defendant's supplemental motion "because [the Court] lack[ed]

1

jurisdiction over three forms of relief sought by the plaintiffs and because the plaintiffs ha[d] failed to exhaust their administrative remedies with respect to the only other type of relief requested," and would "grant the plaintiffs limited leave to amend their complaint" to include "a facial challenge to 26 C.F.R. § 301.7433-1" if the plaintiffs so desired. Id. at 63.

When the plaintiffs failed to timely file an amended complaint raising such a challenge, the Court entered an order dismissing the plaintiff's complaint with prejudice and closing this case (the "Dismissal Order"). Dismissal Order at 1. Thereafter, on March 12, 2007, the plaintiffs filed a motion for reconsideration of that order pursuant to Federal Rule of Civil Procedure 60, which is the subject of this opinion. Motion for Relief from Order of Dismissal under [Federal Rules of Civil Procedure] 60(b)(3), [60(b)](6) (the "Pls.' Mot.") at 1. After carefully reviewing the Court's prior memorandum opinion, the plaintiffs' motion for reconsideration, and all memoranda relevant thereto,[1] the Court concludes for the reasons that follow that it must grant the plaintiffs' motion for reconsideration in part, but that the plaintiffs must either file proof of properly executed service of process or otherwise show cause why the Court should not dismiss the plaintiffs' complaint for lack of proper service before this case can proceed any further.

"Rule 60(b) provides that '[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding'" for

---

[1] In addition to the Court's prior memorandum opinion (and the underlying documents considered by the Court in rendering that opinion, see Lindsey, 448 F. Supp. 2d at 41 n.1 (listing those documents)), and the plaintiffs' motion, the Court considered the following documents in reaching its decision: (1) the plaintiffs' Memorandum in Support of Motion for Relief from Order of Dismissal under [Federal Rules of Civil Procedure] 60(b)(3), [60(b)](6) (the "Pls.' Mem."), (2) the defendant's Memorandum in Opposition to Plaintiffs' Motion for Relief from Order of Dismissal under [Federal Rules of Civil Procedure] 60(b)(3) & [60(b)](6), and (3) the plaintiffs' Reply to Opposition to Motion for Relief from Order of Dismissal under [Federal Rules of Civil Procedure] 60(b)(3), [60(b)](6) (the "Pls.' Reply").

2

one or more of six discrete reasons set out in separate sub-parts of the rule. Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995) (quoting Fed. R. Civ. P. 60(b)). The plaintiffs invoke two of these sub-provisions as support for the relief that they are seeking: Rule 60(b)(3), which "permits a court to relieve a party from a final judgment because of 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party,'" Summer v. Howard Univ., 374 F.3d 1188, 1192 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(3)), and Rule 60(b)(6), under which a court "may grant relief from a judgment for 'any . . . reason justifying [such] relief.'" Sieverding v. Am. Bar Ass'n, 466 F. Supp. 2d 224, 227 (D.D.C. 2006) (quoting Fed. R. Civ. P. 60(b)(6)). Specifically, the plaintiffs assert that relief is warranted under Rule 60(b)(6) because the Court (1) erred in concluding that it lacked jurisdiction over their claims for declaratory and injunctive relief, Pls.' Mot. at 4-5, 10-11; Pls.' Mem. at 4-7, 20-22, (2) erred in concluding that they had failed to state a claim under the Taxpayer Bill of Rights, 26 U.S.C. § 7433 (2000), Pls.' Mot. at 5-11; Pls.' Mem. at 5-19, 22, and (3) erred in dismissing their complaint with prejudice, Pls.' Mot. at 3-4; Pls.' Mem. at 3-4.[2] They further assert that relief is warranted under Rule 60(b)(3) because the defendant "perpetrated a fraud upon the Court[] through [its] misrepresentation of fact, law, and legal precedent to obtain" a favorable ruling from the Court. Pls.' Mem. at 2.

The plaintiffs' Rule 60(b)(3) challenge is easily rejected. By their own admission, the plaintiffs' assertions of "fraud" are based solely on the allegedly erroneous legal arguments for dismissal articulated by the defendant in its motions to dismiss. See Pls.' Reply at 1 (dismissing

---

[2] This latter request is moot in light of the Court's conclusion that partial relief from the Court's Dismissal Order is appropriate, and therefore is not addressed in this memorandum opinion.

3

as "a semantic torus" any attempt to distinguish the plaintiffs' assertions of fraud under Rule 60(b)(3) from their legal arguments in favor of relief under Rule 60(b)(6)). But "the assertion[s] of . . . legal position[s] . . . are not what Rule 60(b)(3) means by 'fraud . . . or misstatement.'" Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 137 (1st Cir. 2005) (quoting Fed. R. Civ. P. 60(b)(3)). Moreover, because the plaintiffs were always "free to consult the law books and . . . assert the contrary" proposition to the defendant's allegedly fraudulent legal arguments, id., they cannot show that the defendant's alleged misrepresentations of precedent "prevented [them] from fully and fairly presenting [their] case," one of the usual requirements for relief under Rule 60(b)(3). Sieverding, 466 F. Supp. 2d at 227 (internal quotation and citation omitted); see also Brown v. Samper, Civil Action No. 05-1086 (RMU), slip op. at 4, 2008 WL 116403, at *2 (D.D.C. Jan. 14, 2008) (same), Richardson v. Nat'l R.R. Passenger Corp., 150 F.R.D. 1, 7 (D.D.C. 1993) (same).

  The plaintiffs' assertions of error in the Court's memorandum opinion with regard to the availability of declaratory or injunctive relief against the defendant are also baseless. As the Court explained in its prior memorandum opinion, "[w]hile [the Declaratory Judgment Act] empowers a federal court '[i]n a case of actual controversy within its jurisdiction . . . [to] declare the rights and other relations of any interested party seeking such a declaration,' . . . that section expressly excludes from its scope '[f]ederal taxes other than actions brought under section 7428 of the [IRC].'" Lindsey, 448 F. Supp. 2d at 57-58. Further, "the Court lacks the power to grant the injunctive relief [that] the plaintiffs seek" because "[n]one of the statutory exceptions delineated in [the Anti-Injunction Act] is applicable here," id. at 58, and the plaintiffs have not "me[t] their burden of showing that [the equitable exception to the Anti-Injunction Act set forth

in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962),] applies," id. at 59. The plaintiffs do not address, let alone refute, these conclusions in their motion for reconsideration.[3]

However, the Court does find the plaintiffs' arguments for reconsideration persuasive in one respect. As the plaintiffs correctly note, the Supreme Court recently held in Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910 (2007), that the "failure to exhaust [administrative] remedies is no basis for dismissal [under Federal Rule of Civil Procedure 12(b)(6)], but is, rather, an affirmative defense." Pls.' Reply at 3; see also Jones, ___ U.S. at ___, 127 S. Ct. at 920-21 (holding that an exhaustion defense cannot be "subsumed" within the larger rubric of the defense of "failure to state a claim" under Rule 12(b)(6) because "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in

---

[3] Instead, the plaintiffs argue that "[i]f the [Declaratory Judgment Act] prohibits the Court from hearing a case under [26 U.S.C.] § 7433 because it would be declaring rights in respect of federal taxes, such prohibition is absolute, and [§] 7433 is . . . null and void." Pls.' Mem. at 5. The defendant has never suggested, and the Court certainly did not hold, that the Declaratory Judgment Act in any way barred the plaintiffs' suit for damages under § 7433. Rather, the Court concluded that (1) it lacked subject-matter jurisdiction over the plaintiffs' request for declaratory relief under the Declaratory Judgment Act, and that (2) the plaintiffs' separate claim for damages under § 7433 had to be dismissed for failure to state a claim because the plaintiffs did not allege or argue that they had satisfied the administrative remedies exhaustion requirement applicable to § 7433. Compare Lindsey, 448 F. Supp. 2d at 57-58 (holding that the Court lacks the subject-matter jurisdiction necessary to enter "a ruling declaring that the defendant has violated the Internal Revenue Code in one or more respects"), with id. at 61 (dismissing the plaintiffs' claim for damages under § 7433 under Federal Rule of Civil Procedure 12(b)(6) because the plaintiffs "d[id] not contest that they did not exhaust the administrative remedies promulgated in 26 C.F.R. § 301.7433-1"). The Court's conclusion with respect to the plaintiffs' request for declaratory relief under the Declaratory Judgment Act had no bearing on its separate conclusion regarding the plaintiffs' request for damages under § 7433, and the statutes themselves do not interrelate in any way. Compare 28 U.S.C. § 2201(a) (setting forth the conditions under which a court "may declare the rights and other legal relations of any interested party seeking such declaration"), with 26 U.S.C. § 7433(a) (setting forth the conditions under which a taxpayer "may bring a civil action for damages against the United States").

The plaintiffs also appear to misunderstand the Court's ruling with respect to their request for injunctive relief, as their sole argument in favor of reconsideration is that "[a]t least three of the Anti-Injunction Act's exceptions apply to allegations contained [within their c]omplaint." Pls.' Mem. at 22. The Court recognized in its prior memorandum opinion that "the plaintiffs' complaint does make reference to three of the statutes" excepted from the Anti-Injunction Act's reach, but dismissed the request anyway because "the plaintiffs ha[d] not offered, in either their complaint or in their responses to the defendant's motions to dismiss, any factual basis whatsoever to support these conclusory statements." Lindsey, 448 F. Supp. 2d at 58 n.13. The plaintiffs do nothing to remedy this defect in their motion for reconsideration.

5

the complaint suffice to establish that ground, not on the nature of the ground in the abstract"). Indeed, this Court reached this precise conclusion in a recent memorandum opinion involving the defendant's motion to dismiss a taxpayer's suit for damages under § 7433.  See Shane v. United States, Civil Action No. 07-577 (RBW), slip op. at 12-14, 2008 WL 101739, at **6-7 (D.D.C. Jan. 9, 2008) (Walton, J.) (holding that under Jones, "exhaustion of administrative remedies is not an element of the plaintiff's claim under § 7433," but rather is an affirmative defense that the plaintiff need not plead around in his complaint).

    In reaching its conclusion in Shane that a plaintiff's complaint could not be dismissed under Rule 12(b)(6) for failure to plead exhaustion of administrative remedies, the Court explicitly rejected its earlier holding in this case that the plaintiffs' claims under § 7433 had to be dismissed for failure to state a claim because the plaintiffs "'d[id] not contest that they did not exhaust the administrative remedies promulgated in 26 C.F.R. § 301.7433-1.'"  Shane, slip op. at 13-14, 2008 WL 101739, at *7 (quoting Lindsey, 448 F. Supp. 2d at 61).  Instead, the Court held that "a plaintiff's complaint [could not] be dismissed under Rule 12(b)(6) merely because that plaintiff failed to allege that he exhausted his administrative remedies in his opposition to a motion to dismiss any more than it could be dismissed because the plaintiff failed to make those allegations in the complaint itself."  Id. at 14, 2008 WL 101739, at *7.  The Court therefore denied the defendant's request for dismissal of the plaintiff's amended complaint for failure to plead exhaustion of administrative remedies.  Id., 2008 WL 101739, at *7.

    In light of the Supreme Court's ruling in Jones, which brought about this Court's rejection of its ruling in this case in Shane, the plaintiffs' motion for reconsideration must be granted with respect to the Court's dismissal of the plaintiffs' claim for damages under § 7433.

As the Court noted in Shane, the defendant may renew its exhaustion defense by filing a motion for summary judgment under Federal Rule of Civil Procedure 56. Id., 2008 WL 101739, at *7. Alternatively, the defendant may wish to file a motion to dismiss for failure to state a claim based on the absence of sufficient factual specificity in the plaintiffs' complaint. See Lindsey, 448 F. Supp. 2d at 41-42 (noting that the plaintiffs' complaint "provides no particularized facts pertaining specifically to the plaintiffs in this case," but instead "consists predominately of argument and restatement of putatively pertinent legal standards"). As for this member of the Court, at least, dismissal of a plaintiff's complaint for damages under § 7433 for failure to plead around applicable statutory exhaustion requirements, whether requested under Rule 12(b)(1) or Rule 12(b)(6), is simply not a viable option in light of the Supreme Court's ruling in Jones.

Before setting an initial scheduling conference in this case, however, the Court must revisit the issue of service of process on the defendant. In its prior memorandum opinion, the Court held that "the plaintiffs did not comply with the requirement of [Federal Rule of Civil Procedure] 4(c)(2) that service be effected by a person not a party to the action," id. at 46, but nevertheless "conclude[d] that dismissing the plaintiffs' suit for insufficient service of process would be improper," id. at 47, based on the general principle that "'[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings,'" id. at 46 (quoting Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993)). The Court further reasoned that "it need not grant the plaintiffs leave to perfect service of the original complaint" because dismissal of the plaintiffs' complaint was appropriate on other grounds and the Court would "grant[] the plaintiffs limited leave to file an amended complaint,

which the plaintiffs [would have to] serve on the defendant in compliance with [Rule 4]." Id. at 48 n.7.

That reasoning is no longer operative in light of the conclusion reached in this memorandum opinion concerning exhaustion. Instead, consistent with Rule 4's command that "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time," the Court will issue a separate order directing the plaintiffs to show cause why the Court should not dismiss their complaint without prejudice unless the plaintiffs file proof of proper service on the defendant within sixty days of the entry of this order.[4] Assuming that the plaintiffs file proof of proper service in a timely manner or otherwise demonstrate that the Court's show cause order should be vacated, the Court will permit the defendant an opportunity to file a motion to dismiss for failure to state a claim under Rule 12(b)(6) or for summary judgment under Rule 56 before directing the Clerk of the Court to schedule an initial scheduling conference in this case.

**SO ORDERED** this 1st day of February, 2008.[5]

REGGIE B. WALTON
United States District Judge

---

[4] The Court will grant the plaintiffs sixty days in which to file their proof of properly executed service so that the plaintiffs, who reside in California, have sufficient time to request and procure new summonses from the Clerk of the Court.

[5] An order granting in part and denying in part the plaintiffs' motion for reconsideration, vacating in part the Court's Dismissal Order in part, and reinstating the plaintiffs' claims for damages under § 7433 follows. The Court will also enter a separate order directing the plaintiffs to show cause why their complaint ought not be dismissed without prejudice for lack of proper service of process unless the plaintiffs have properly served the defendant within sixty days of the entry of this memorandum opinion.