IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN J. LINDSEY and<br>PATRICIA LINDSEY,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:05cv1761 (RBW) |

## UNITED STATES' THIRD MOTION TO DISMISS COMPLAINT

The United States moves the Court to dismiss plaintiffs' complaint on the ground that plaintiffs have failed to state a claim for damages.

A memorandum of points and authorities and a proposed order are submitted with this memorandum.

DATE: May 22, 2008.               Respectfully submitted,

                                                                  /s/ Pat S. Genis
                                                     PAT S. GENIS, #446244
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      Post Office Box 227
                                                      Washington, DC  20044
                                                      Tel./FAX:  (202) 307-6390/614-6866
                                                      Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2644096.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN J. LINDSEY and<br>PATRICIA LINDSEY,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | No. 1:05cv1761 (RBW) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
THIRD MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various statutes.

QUESTION PRESENTED

Plaintiffs' complaint consists of generalized allegations without factual support and allegations of non-collection activities. Should this Court dismiss plaintiffs' complaint for failure to state a claim?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Stephen J. & Patricia L. Lindsey, filed this complaint on September 1, 2005. (Dkt. #1.) They served the United States on March 24, 2008 and March 25, 2008.

2. <u>Prior dismissal of complaint</u>. The United States filed a motion to dismiss the complaint on December 1, 2005, asserting that plaintiffs failed to properly serve the United States (dkt. #6), which plaintiffs opposed on December 16, 2005 (dkt. #7). The

United States filed a supplemental motion to dismiss on March 6, 2006, asserting that plaintiff failed to exhaust administrative remedies before filing suit (dkt. #12), which plaintiffs opposed on April 18, 2006.

On August 22, 2006, the Court granted in part, and denied in part, the United States' motion to dismiss. (Dkt. #14.) In its opinion, the Court held that plaintiffs, as parties, could not properly serve the United States (op. at 11), but refused to dismiss the complaint on that basis. (op. at 13). Instead, the Court dismissed plaintiffs' claims for declaratory and injunctive relief and for a tax refund on the ground that the Court lacked subject-matter jurisdiction over those claims (op. at 30, 33, 34), and dismissed plaintiffs' claims for damages under 26 U.S.C. § 7433 for failure to state a claim under rule 12(b)(6) (op. at 35-36). The Court then gave plaintiffs leave to amend their complaint "for the sole purpose of asserting a facial challenge to 26 C.F.R. § 301.7433-1." (Op. at 39.) Plaintiffs failed to file an amended complaint, and the Court dismissed the complaint with prejudice on October 4, 2006, (Dkt. #16).

3. <u>Case reopened</u>. On March 12, 2007, plaintiffs filed a motion for relief from the order of dismissal (dkt. #17), which the United States opposed on March 22, 2007 (dkt. #20). On February 1, 2008, the Court granted in part, and denied in part, plaintiffs motion for relief. (Dkt. #23.) The Court reaffirmed its lack of jurisdiction with respect to declaratory and injunctive relief.[1]/ (Op.2 at 5.) But the Court held that, under *Jones*

---

[1]/ The Court's second opinion reaffirmed the Court's order dismissing plaintiffs' declaratory and injunctive relief claims (op.2 at 4-5), but did not mention the dismissal of plaintiffs' tax refund claim. For the reasons stated in the Court's first opinion, the

2644096.1                    2

*v. Bock*, ___ U.S. ___, 127 S. Ct. 910 (2007), plaintiff's section 7433 claims could not be dismissed under rule 12(b)(6) because exhaustion of administrative remedies is an affirmative defense that need not be pled in the complaint. (Op.2 at 6-7.) On the same day, February 1, 2008, the Court issued an order that plaintiffs should properly serve the United States or show cause why their complaint should not be dismissed. (Dkt. #24.) On March 27, 2008, plaintiffs filed return of service affidavits showing service on the United States. (Dkt. # 25 & 26.) On April 3, 2008, the Court reopened this case and set May 27, 2008 as the date for the United States to answer or respond to plaintiffs' complaint.

    4. <u>Relief sought and allegations in the complaint</u>. Plaintiffs have not amended their complaint so their original complaint is again before the Court. The complaint seeks four kinds of relief: 1) a declaration that the Internal Revenue Service disregarded various statutes and regulations; 2) damages for "reprehensible, egregious, and vexations behavior;" 3) a refund of "all unassessed taxes, return of all seized property, [and] return of all levied funds;" and 4) an order "enjoining . . . further collection activity." (Compl. ¶¶ 31-34.)2/

    Plaintiffs allege that "beginning with 'tax year' 1989" the Internal Revenue Service "disregarded" various statute and regulations. (Compl. ¶ 1.) These statutes

---

Court's dismissal of plaintiffs' tax refund claim was correct.

    2/ As already stated, the Court has already ruled that it does not have subject-matter jurisdiction over declaratory, injunctive and tax refund claims. (Op. 1 at 30-34; op. 2 at 4-5.) Therefore, the only claim at issue is the section 7433 claims for damages.

2644096.1                                                 3

and regulations are set forth in paragraph 7. (Compl. ¶7(a-r)).3/ In each allegation, plaintiffs make no factual allegations, but merely restate the statutory language and assert that the Internal Revenue Service failed to implement the statutes and regulations. The other paragraphs in plaintiffs complaint state background, jurisdiction and venue (compl. ¶¶ 1-6) and legal arguments and conclusions (compl. ¶¶8-30).

## ARGUMENT

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER 26 U.S.C. § 7433

---

3/ Plaintiffs' complaint alleges 18 specific acts which they claim "disregarded" the provisions of the Internal Revenue Code indicated in parenthesis below:

a. failed to make an assessment of taxes (26 U.S.C. § 6201(a));
b. failed to assess taxes within the time and mode set by the secretary (§6202);
c. failed to record an assessment (§ 6203);
d. failed to furnish copies of records of assessment (§ 6203);
e. attempted to collect amounts greater than appear on the record of assessment (§ 7214(a));
f. abrogated the availability of an installment agreement (§ 6159);
g. failed to send a 90-day notice of deficiency (§ 6212);
h. failed to notify plaintiffs of last day to petition the Tax Court (§ 6213(a));
i. filed an invalid notice of federal tax lien (§ 6321);
j. failed to release the lien (§ 6325);
k. failed to notify plaintiffs of right to a hearing (§ 6330(a));
l. failed to refund all unassessed taxes taken from plaintiffs, as requested (§ 6402);
m. failed to suspend interest and penalties (§ 6404(g));
n. neglected to assess taxes within three years (§ 6501(a));
o. failed to include required information in notice imposing a penalty (§ 6751(a));
p. failed to verify that a supervisory had personally approved the penalty (§ 6751(b)(1);
q. failed to provide non-binding mediation (§ 7123(k));
r. refused to produce evidence regarding penalties and additions (§ 7491(c)).

1. <u>Plaintiffs' *non-collection* allegations are not cognizant under section 7433</u>. All but three of plaintiffs' allegations relate to *non-collection* activities, and thus, are not cognizable under section 7433. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed section 6672 liability was an error in assessment and not collection and therefore irrelevant to section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (assertion of improper assessment of tax liability is insufficient for section 7433 claim).

In this case, plaintiffs allege that the Internal Revenue Service 1) failed to follow assessment procedures (compl. ¶ 7 a, b, c, d, f, g, h, n); 2) attempted to collect more taxes than assessed (compl. ¶ 7e; 3) failed to refund taxes (compl. ¶ 7l, 4); failed to suspend interest and penalties and to provide evidence about them (compl. ¶ 7 m, r); 5) violated record-keeping and procedural requirements (compl. ¶ 7 o, p); and 6) failed to provide mediation (compl. ¶ 7q). All of these claims allege *non-collection* activities; none is cognizant under section 7433. Because plaintiffs have failed to state a claim for damages under section 7433 for these *non-collection* claims, the Court should dismiss plaintiffs' complaint with respect to such claims.

2. <u>Plaintiffs' complaint is legally insufficient under Fed.R.Civ.P. 8</u>. Of the remaining three allegations, which arguably involve collection activities (compl. ¶ 7 i, j, k), all must be dismissed because they are too conclusory to satisfy the notice pleading standards of Fed.R.Civ.P. 8(a). Rule 8(a) states that a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). But, the complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002).

In this case, plaintiffs assert that "beginning with 'tax year' 1989", the Internal Revenue Service failed to implement various statutes. Specifically, plaintiffs allege that the Internal Revenue Service filed an invalid notice of tax lien against them (compl. ¶ 7i); failed to release the lien when requested in writing to do so (compl. ¶ 7j); and failed to notify them of their right to an impartial hearing (compl. ¶ 7k). These allegations are general and nonspecific and merely "parrot the language" of the statutes. *See Spahr v. United States*, 501 F.Supp.2d 92, 97 (D.D.C. 2007). Plaintiffs provide no facts whatsoever: they do not indicate in what specific year each act or omission allegedly occurred, nor the kind of tax at issue, nor any other specifics from which the Court could determine that any act or omission violated any code provision.

For example, plaintiffs provide no facts about the allegedly invalid and illegal lien. They do not indicate the date of the lien, nor the tax year and type, nor the amount of the taxes. They provide no facts whatsoever from which the Court could

infer that it a lien was in fact issued, and that it somehow invalid or illegal as plaintiffs contend. (*See* compl. ¶ 7i). Nor have plaintiffs stated any facts to support their allegation that the Internal Revenue Service refused to release such lien when requested to do so in writing. And plaintiffs have failed to allege any facts from which the Court can infer that it "became obvious" to the Internal Revenue Service that the lien was unlawful or invalid. (Compl. ¶ 7j. In the same way, there are no facts which would establish plaintiffs' right to notice of a hearing or that plaintiffs were entitled to a hearing. (*See* compl. ¶ 7k.)

     Plaintiffs' complaint is completely devoid of any factual assertions, and thus, fails to provide either notice of the basis of their claims or the grounds upon which they rest. In none of their allegations have plaintiffs provided any information whatsoever to demonstrate their right to relief. Thus, this court should conclude that plaintiffs have not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted with respect to their damages claim. For the reasons stated above, this Court should dismiss plaintiffs' complaint.

DATE: May 22, 2008.            Respectfully submitted,

  /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' THIRD MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiffs *pro se* on May 22, 2008, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Stephen J. Lindsey
> Patricia L. Lindsey
> *Plaintiffs pro se*
> 9871 Stanford Avenue
> Garden Grove, CA 92841

    /s/ Pat S. Genis
PAT S. GENIS, #446244