IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen J. Lindsey,<br>Patricia L. Lindsey,<br><br>    Plaintiffs,<br><br>v.<br><br>United States central government,<br><br>    Defendant | PLAINTIFFS' RESPONSE TO<br>DEFENDANT'S THIRD<br>MOTION AND MEMORANDUM<br>TO DISMISS COMPLAINT<br><br>Judge:  __Reggie B. Walton__<br><br>Case. #  __1:05cv1761 (RBW)__ |

---------------------------------- oooOooo ----------------------------------

This response, titled <u>Plaintiffs' Response To Defendant's Third Motion And Memorandum To Dismiss Complaint</u>, is supported by memorandum accompanying hereto.

___8 / 18 / 2008___

**RECEIVED**

AUG 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

___[signature]___    ___[signature]___
Stephen J. Lindsey - Plaintiff  Patricia L. Lindsey - Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Stephen J. Lindsey,** <br> **Patricia L. Lindsey,** <br><br> Plaintiffs, <br><br> v. <br><br> **United States central government,** <br><br> **Defendant** | : <br> : <br> : MEMORANDUM IN SUPPORT <br> : OF PLAINTIFFS' RESPONSE <br> : TO DEFENDANT'S THIRD <br> : MOTION AND MEMORANDUM <br> : TO DISMISS COMPLAINT <br> : <br> : <br> : Judge:__Reggie B. Walton__ <br> : <br> : Case. # __1:05cv1761 (RBW)__ <br> : |

------------------------------------- oooOooo-------------------------------------

This response by plaintiffs to defendant counsel's last memorandum and motion titled "<u>Memorandum In Support Of United States' Third Motion To Dismiss Complaint</u>" continues the charges that said defendant, by and through particular defendant's actors, did knowingly commit wrongful and unlawful acts with reckless disregard of certain statutes or laws as a matter of fact, and that the said resultant wrongdoings were committed by the defendant against the plaintiffs therefrom and thereunder to their, plaintiffs, ultimate, unlawful damage.

## FIRST STATEMENTS

1. The first part of defendant counsel's Statement consists of a review of the various steps that lead up to the current status of the case requiring

this response to such remarks and allegations contained therein. Therefore there is no need for plaintiffs to laboriously reiterate the steps that recognize *that* which the court properly advanced in this case, to bring forth or leading to this timely moment, in order that plaintiffs should exercise their right for justice and for the application and preservation of all jurisprudence according to the applicable laws.

2. The properly applicable content that plaintiffs are to respond to in defendant counsel's brief, commences on page 3 at # 4 thereof, whereby plaintiffs hereby revise and extend, in pleading, their response thereto at this time.

## SECOND STATEMENTS

1. In following the Federal Rules of Civil Procedure at <u>Rule 8</u>, plaintiffs had no necessity to amend their complaint; it is defendant counsel's error in applied legal logic that has reached this conclusion. While defendant counsel has stipulated to Rule 8, he has not properly applied it as required by practice of the rule itself. We find this to be the case- conclusive by a more concise recognition of the fact that

> "The Federal Rules of Civil Procedure require <u>only</u> that the pleadings give a defendant <u>notice</u> of the <u>nature</u> of the claims against him." (See <u>Lessman v. McCormic</u>, 591 F.2d 605, 611 {10<sup>th</sup> Cir. 1979); accord <u>Lillard v. Shelby County Bd. Of Educ.</u>, 76 F. 3d 716 (6th Cir. 1996)."

2.  Continuing with regard to any demurer form of petition for a dismissal, it was held that:

> "Dismissal under Rule 12 (b) (6) is a *"harsh remedy* which must be *cautiously studied*, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." (Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F. 2d 1357, 1359 {10<sup>th</sup> Cir. 1989} internal quotation marks and citation omitted). Dismissal for failure to state a claim is *inappropriate* "unless it appears **beyond doubt** that the plaintiff can prove **no set of facts** in support of his claim which would entitle him to relief." (Conley v. Gibson, 355 U.S. 41, 45 – 46 (1957)." (emphasis added).

3.  On page 5 at # 1, defendant counsel enters a *frank admission* that his client is possibly guilty of at least 3 (three) wrongful collection activities as charged, which even according to his own analysis are "cognizable under Section 7433" - as a matter of fact.

4.  While it does not appear that defendant counsel's analysis of just *what* does and *what* does not constitute a fact of wrongdoing as coming under the Section 7433 statute, for the term "under" indicates just that, a level of reasonable responsibility to willingly comply - and not find ways to **defeat** it or **go around it** – existing 7433 law, *the fact remains* that defendant counsel, irrespective of his trying to reason them away, has affirmed that at least three (3) such acts by his client involve unlawful conduct on the part of his client's particular actors,

and thus extend to the court *all* necessary, plenary subject matter jurisdiction for a cause and relief action judgment against the defendant at the conclusion of trial of <u>at least</u> those same <u>facts</u> already admitted to.

5. As to defendant counsel's trying to explain away even those <u>three</u> (<u>3</u>) admitted to "allegations" on the part of plaintiffs, defendant counsel further recognizes, *somewhat*, the manner in which a proper <u>Rule 8</u> pleading is to be constructed, not, *ordinarily*, to plead in-depth, but rather that the complaint contain a "plain and short" <u>statement</u> of the charges made in the complaint — which plaintiffs did that much — after which defendant counsel began to traverse over into questions and answers of what plaintiffs <u>should have</u> included in said complaint in order to make it a more skillfully and fully asserted pleading of the facts – upon which the plaintiffs' original statement of complaint should have been based - according to defendant counsel – <u>upon which he could rely</u> on for a further response to plaintiffs' complaint.

6. However, this form of argument fails to recognize the conflict that arises from such a claim where, *at no time*, *defendant counsel* — if <u>not</u> being clear about those charges, or allegations, made by plaintiffs in their plain and short statement, for a proper and competent response

purpose — <u>has petitioned plaintiffs</u> for a <u>Rule 12 (e)</u> response <u>in order to clarify</u> just what, in specific, in plaintiffs' plain and short statement of complaint *was,* or *is,* the nature and cause of, or that is – the greater facts in – the complaint against it, defendant, or in the precise words of <u>Rule 12 (e)</u>, "If a pleading is so vague or ambiguous that a response pleading cannot be framed, the responding party need not serve a response, but may instead move the court for an order directing the pleader to serve a more definite."

7. <u>It is to be noted</u> here that "a pleading so vague or ambiguous" would <u>not</u> include a pleading <u>where</u> *even* defendant counsel can <u>see</u> and <u>ascertain</u> for himself <u>at least</u> **3 (three)** <u>acts</u> coming under <u>Section 7433</u> on which the <u>7433</u> lawsuit complaint was based, which not a <u>not</u> "vague or ambiguous" condition stipulated to would instead <u>demand</u>, <u>not</u> suggest or propose, <u>that</u> a <u>Rule 12 (e)</u> motion on the part of defendant counsel should have been in order, a necessity, in order to bring about, *minimally*, the very precise answers to the claims, by defendant counsel, that plaintiffs <u>should have had</u>, but did not have, in their plain and short statement from the beginning.

8. Defendant counsel's statements at pages 5 and 6 forward are in conflict with each other, for on the one hand, at # 2 on page 6,

defendant counsel argues that plaintiffs' "remaining three allegations, which *arguably* involve collection activities," must be dismissed because they are now "too conclusory to satisfy" <u>Rule 8</u>, or that is . . ;

9. . . . that they (plaintiffs) have now <u>overstated</u> their case under <u>Rule 8</u> by providing more, not less, than what a <u>Rule 8</u> pleading would call for or expect, and then in the next paragraph defendant counsel openly recognizes, in the plain and short statement, that "beginning with 'tax year" 1989,' the Internal Revenue Service [federal agency] <u>failed</u> to implement various statutes," and then, again, defendant counsel further proclaims in that same paragraph that (1) "**Specifically** [not generally], plaintiffs allege that the Internal Revenue Service [federal agency] <u>filed</u>  ..[-or, an **act**].. <u>an **invalid** notice</u> ..[a question or charge of <u>immoral</u> <u>conduct</u>].. <u>of tax lien</u>  ..[a claim of a matter of <u>literal</u> <u>act</u>, or else <u>commission of act</u>, and <u>fact</u>].. against *them*;" (2) "<u>**failed**</u> to release the lien [an act of omission to act, a fact] when requested to do so;" and (3) "<u>**failed**</u> to notify them [a claim of a matter of <u>literal</u> <u>act</u>, or else <u>commission of act</u>, and <u>fact</u>] of their right to hearing," while in the very next sentence, same paragraph, defendant counsel <u>conflicts</u> the foregoing "**specific**" allegations with a claim that they are now [too] "general and nonspecific" and merely [or **plainly**] parrot the

language" of <u>the laws</u> <u>upon which plaintiffs' complaint *must* rely</u>. . . .

Too **specifically** general?

10. It appears that what defendant counsel, in floundering around in this manner, is really saying, and perhaps has been trying to say or stipulate to all along, but has not just come right out and said it, is that a <u>Rule 12 (e)</u> response from plaintiffs is in order, by which <u>Rule (e)</u> motion to be submitted by defendant counsel, he will soon ask for, in total, *answers - from* plaintiffs - to all of the questions that he has on any particular point of short and plain claim or statement, before he forms even the scantiest of motion to ask for dismissal based upon a lack of sufficient factual evidence upon which to base a proper trial of his client of such admitted to facts.

11. The essence of defendant counsel's pleading already arising as though to the level of a <u>Rule 12 (e)</u> motion, which motion, if defendant counsel had merely offered it long ago plaintiffs proffer that they both could have and would have responded to the same with such concrete, evidentiary answers as to make the entire case more palatable or proper for the scheduling of trail of his client by avoiding these <u>Rule 8</u> errors, plaintiffs are willing to stipulate to defendant counsel's last motion that it be recognized hereafter as a <u>Rule 12 (e)</u> motion, *ipso*

*facto*, so long as defendant counsel is willing to confirm that same provision on his next response to this stipulation proposal, giving plaintiffs the proper and adequate time to respond and provide all necessary evidences and answers called for by defendant counsel, accordingly, thereby.

12. Otherwise, if not this, because defendant counsel's own response must be, and is, taken as <u>unclear</u>, or <u>too</u> "<u>vague</u> or <u>ambiguous</u>," or <u>confusing</u>, <u>to discern</u> and return a full and competent answer otherwise, requiring therefore that plaintiffs, as a part of this pleading, petition of their own accord, by this statement, for a <u>Rule 12 (e)</u> response from defendant counsel to clear up these points of conflict, and as to why, based upon his *frank admission* as to "cognizable" violations by his client, the judge in this case not also be cognizable as the trial judge for trial of his client, the particular actors thereunder, in conformity with the <u>Section 7433</u> statute, in order to answer the ends that a <u>7433</u> lawsuit was first devised or constructed into law by the Congress for, that the rights of acclaimed taxpayers might <u>not</u> be trampled on in the name of justice, embracing injustice or wrongdoing for them in its stead.

13. Finally, it is to be noted that, where a finding of even one set of facts is found to exist in any case, it is the obligation of the court not to engage in the trying of the whole case of facts as a part of the ongoing case itself, but to defer to and rely upon a trier of fact instead, as was recognized, to wit:

> "It is not the judge's role to determine "the truth of the matter," <u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992) (quoting <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 249 (1986)), <u>cert. denied</u>, 113 S. Ct. 1262 (1993), in light of all the evidence. Rather, summary judgment must be denied "if the evidence is such that a reasonable jury could return a verdict, either way, pertinent or relative to the nonmoving party." <u>Liberty Lobby</u>, 477 U.S. at 248."

14. The only question remaining being - <u>**did**</u> defendant counsel's client <u>do</u> or <u>not do</u> the particular acts admitted to - and if so, what were the damages consequently resulting from such misdeeds or wrongdoings, and what remedies should be accorded plaintiffs because of them, wrongdoings, at the expense of defendant, not plaintiffs [?], accordingly.

## SUMMARY

1. Defendant counsel has <u>confirmed</u> that there are at least <u>3</u> (<u>three</u>) triable charges, or allegations, that are cognizable as a matter of fact,

which must lead us to trial of the issues and the acts, as facts, minimally, not a dismissal of them;

2. However, it appears, in all fairness, that what defendant counsel has actually been doing this entire time, possibly from the first instance, almost tacitly, is <u>asking</u>, from plaintiffs, <u>for answers of</u> more, or greater, or <u>more exacting substance</u>, but merely went about it the wrong way, did not come right out and ask, straightforward, for a <u>12 (e) response</u> from plaintiffs, from and by which defendant counsel could form a more proper and lawful assertion of motion, instead of misleading the court to believe that it was plaintiffs who had failed to properly plead, not defendant counsel, in order to get on with the case and bring about a trail of the particular suspect parties for their wrongful commission and omission acts under the certifiable law;

3. If defendant counsel is willing to confirm that a <u>Rule 12 (e)</u> response from plaintiffs is now in order or stipulated to on, minimally, the three (3) particular points to which defendant counsel himself has deemed "cognizable," reserving all further rights to still reconsider the other points of authority that defendant counsel, by his <u>opinion</u>, did not deem as "cognizable," then plaintiffs will timely treat such prior pleading by defendant counsel *as though* a <u>Rule 12 (e)</u> response has

been called for, to be commenced from the date that defendant counsel shall confirm such stipulation;

4. Otherwise, plaintiffs hold and puts forth that this pleading shall constitute a <u>Rule 12 (e)</u> petition to defendant counsel for a further clarification of the issues, by explaining how a thing may be "**too conclusory**" or "**specific**" to satisfy <u>Rule 8</u> while at the same time being "too general" to comply with <u>Rule 8</u> (conflict of terms), and **why** - if plaintiffs <u>do</u> provide him with all discernable answers to his petition for what they did not specifically ascertain, or make full statement of, in their original complaint - <u>his client</u> should <u>not</u> be made to go to trial, to be tried by a trier of fact, based upon what he himself discerned and admitted to as being both "cognizable" under <u>7433</u> as well as factual (or real) acts committed, either as acts of commission or acts of omission, under <u>7433</u>, by his client's particular actors, as were originally charged for that very same in this case.

5. Plaintiffs therefore move the court for an order directing defendant counsel to either confirm the prior pleading as being a <u>Rule 12 (e)</u> petition, ipso facto; else submit an original Rule 12 (e) pleading if defendant counsel should deem it necessary; or in the alternative direct that defendant counsel file a direct response to this pleading as

being a petition for a demand for more definite statement, from defendant counsel, under <u>Rule 12 (e)</u>, FRCivP, as has heretofore been stipulated to and called for above by plaintiffs - to be the matter of the procedural fact, herein.

PROPERLY SUBMITTED

8 / 18 / 2008

Stephen J. Lindsey - Plaintiff          Patricia L. Lindsey - Plaintiff

9871 Stanford Ave.  Garden Grove, CA. – 92841

## CERTIFICATE OF SERVICE

I, Stephen J. Lindsey, hereby certify that I have filed a true and correct copy of this Memorandum In Support Of Plaintiffs' Response To Defendant's Third Motion And Memorandum To Dismiss Complaint, with the United States District Court For The District Of Columbia, and have caused that a true and correct copy of the same be served by mail, by U.S. Postal Service, upon the parties and at the addresses as are shown below.

Pat Genis
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044


Dated this 18TH day of AUGUST, 2008 A.D.


_____
Stephen J. Lindsey