**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
STEPHEN J. LINDSEY                     )
and PATRICIA L. LINDSEY,           )
                                                    )
              Plaintiff,             )
                                                    )
    v.                                         )          Civil Action No. 05-1761  (RBW)
                                                    )
UNITED STATES OF AMERICA,  )
                                                    )
              Defendant.         )
_____)

**MEMORANDUM OPINION**

Steven J. Lindsey and Patricia L. Lindsey, the plaintiffs in this civil suit, allege that the United States government, through the Internal Revenue Service (the "IRS"), "recklessly, intentionally[,] or by reason of negligence disregarded and continue to disregard provisions of Title 26 of the United States Code [(the "Internal Revenue Code")] and the regulations promulgated thereunder." Complaint, Petition, and Claim in the Nature of a Complaint, Petition, and Claim under the Authority of 26 U.S.C. § 7433 (the "Compl.") ¶ 1. On August 22, 2006, the Court issued a memorandum opinion and accompanying order addressing both the defendant's motion to dismiss for lack of proper service and its supplemental motion to dismiss for lack of subject-matter jurisdiction. See generally Lindsey v. United States, 448 F. Supp. 2d 37 (D.D.C. 2006) (Walton, J.). In that memorandum opinion, the Court held that it had to deny the defendant's motion to dismiss for lack of proper service "because the pro se plaintiffs were not provided advance notice of the necessity of complying with the precise terms of [Federal Rule of Civil Procedure] 4," had to grant the defendant's supplemental motion "because [the Court] lack[ed] jurisdiction over three forms of relief sought by the plaintiffs and because the plaintiffs

ha[d] failed to exhaust their administrative remedies with respect to the only other type of relief requested," and would "grant the plaintiffs limited leave to amend their complaint" to include "a facial challenge to 26 C.F.R. § 301.7433-1" if the plaintiffs so desired. Id. at 63.

When the plaintiffs failed to timely file an amended complaint raising such a challenge, the Court entered an order dismissing the plaintiff's complaint with prejudice and closing this case (the "Dismissal Order"). Dismissal Order at 1. Thereafter, on March 12, 2007, the plaintiffs filed a motion for reconsideration of that order pursuant to Federal Rule of Civil Procedure 60. Ultimately, the Court granted in part and denied in part that motion in a memorandum opinion issued on February 1, 2008. Lindsey v. United States, 532 F. Supp. 2d 144, 149 (D.D.C. 2008) (Walton, J.). Specifically, the Court held that it had erred in dismissing the plaintiffs' claims filed under 28 U.S.C. § 7433 for failure to exhaust the administrative remedies required by 26 C.F.R. § 301.7433-1 because the failure to exhaust such remedies was an affirmative defense that could not be invoked in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. at 148-49.

The Court therefore vacated its Dismissal Order with respect to those claims and re-opened the plaintiffs' case, but, consistent with the service requirements of Federal Rule of Civil Procedure 4, separately directed the plaintiffs "to show cause why the Court should not dismiss their complaint without prejudice unless [they] file[d] proof of proper service on the defendant within sixty days" of the order effectuating the Court's memorandum opinion. Id. at 149. The Court further explained that if the plaintiffs "file[d] proof of proper service in a timely manner," id., the Court would "permit the defendant an opportunity to file a motion to dismiss for failure to state a claim under Rule 12(b)(6) or for summary judgment under Rule 56 before directing the Clerk of the Court to schedule an initial scheduling conference in this case," id. at 150.

The plaintiffs timely filed proof of executed service of process on the defendant on March 27, 2008.  In response to the plaintiffs' service of process, the defendant filed another motion to dismiss the plaintiffs' remaining claims on May 23, 2008.  In support of that motion, the defendant argues that "[a]ll but three of [the] plaintiffs' allegations [in their complaint] relate to non-collection activities, and thus[] are not cognizable under [§] 7433."  Memorandum in Support of United States'[s] Third Motion to Dismiss Complaint at 5.  The defendant further argues that "all" of the plaintiffs' remaining allegations "must be dismissed because they are too conclusory to satisfy the notice pleading standards of [Federal Rule of Civil Procedure] 8(a)."  Id. at 6.  According to the defendant, "[the p]laintiffs' complaint is completely devoid of any factual assertions, and thus[] fails to provide either notice of the basis of their claims or the grounds upon which they rest."  Id. at 7.  The defendant therefore requests that the plaintiffs' complaint be dismissed in its entirety.  Id. at 8.

The plaintiffs do not contest the defendant's argument that all but three of the allegations in the plaintiffs' complaint are unrelated to collection activities under § 7433; therefore, the Court deems this argument to be conceded.[1]  With respect to the remaining three allegations, the

---

[1] "It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the government, a court may treat those arguments that the plaintiff failed to address as conceded."  Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (Walton, J.).  The Court's authority to treat unopposed arguments as conceded derives from Local Civ. R. 7.1(b), which states as follows:

> Within 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

(Emphasis added.)

"Courts have interpreted this local rule to apply to specific arguments within a memorandum opposing a motion," United States v. Real Prop., 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (Walton, J.), and the District of Columbia Circuit "'ha[s] yet to find that a district court's enforcement of this rule constituted an abuse of discretion,'" Buggs, 293 F. Supp. 2d at 141 (quoting FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (internal citations omitted)).  The Court therefore declines "to act as an advocate for [ ] the [plaintiffs] and construct their legal arguments on [their] (continued . . . )

plaintiffs assert that they have satisfied the minimal requirements of notice pleading under Rule 8, Memorandum in Support of Plaintiffs' Response to Defendant's Third Motion and Memorandum to Dismiss Complaint (the "Pls.' Opp'n") ¶¶ 1-2, 5, 7-9, 13-14, and that the defendant's motion should be construed instead as a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), id. ¶¶ 6, 10-12.  The plaintiffs therefore request that the Court either order the defendant to clarify that its current motion to dismiss is actually intended to be a motion for a more definite statement or compel the defendant to file such a motion.  Id. at 11-12.

The plaintiffs' position is entirely without merit.  While it is true that a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. 8(a),[2] "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Without some factual allegation in the complaint," the plaintiffs cannot "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. at 556 n.3.[3]

---

behalf in order to counter those in the motion to dismiss."  Real Prop., 287 F. Supp. 2d at 61 (internal citation and quotation marks omitted).

[2]  The Court recognizes that the plaintiffs' complaint, having been filed by the plaintiffs pro se, must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Nonetheless, a pro se complaint, like any other, must present a claim upon which relief can be granted by the court."  Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994).  For the reasons set forth below, the plaintiffs' allegations fail to state a claim for relief under even the most generous of interpretations, and their complaint must therefore be dismissed pursuant to Rule 12(b)(6).

[3]  The plaintiffs' reliance on Conley v. Gibson, 355 U.S. 41(1957) (cited in Pls.' Opp'n ¶ 2), is unavailing in light of the Supreme Court's observation in Bell Atlantic that the expansive language in Conley to the effect that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46, actually "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a (continued . . . )

4

The "allegations" set forth in the plaintiffs' complaint consist almost entirely of legal arguments regarding the Internal Revenue Code.  See Compl. ¶¶ 8-25 (setting the forth the putative legal bases for the plaintiffs' claims).  Only one paragraph in the entire complaint— paragraph 7—alleges any wrongdoing by the IRS at all, and that paragraph consists of nothing more than a bare-bones assertion that the IRS "intentionally, or by reason of negligence[,] disregarded" numerous provisions of the Internal Revenue Code, which the plaintiffs then list.  Id. ¶ 7.  And though the plaintiffs purport to explain how the IRS violated these various provisions, these explanations consist of nothing more than blanket assertions that various provisions of these statutes have been violated.  Id. ¶¶ 7(a)-7(r).  In other words, there are no facts alleged in the complaint at all, just unsupported assertions of statutory violations.

As the Court explained in a case involving similar claims against the IRS, such "allegations" are "just the sort of 'labels and conclusions' proscribed by the Supreme Court in Bell Atlantic."  Shane v. United States, Civil Action No. 07-577 (RBW), 2008 WL 101739, at *8 (D.D.C. Jan. 9, 2008) (Walton, J.).  Absent any indication as to "where, when, and how" the IRS engaged in the behavior ostensibly challenged by the plaintiffs, the defendant cannot be said to have received "fair notice" of the "grounds" on which the plaintiffs' claims rest.  Bell Atl., 550 U.S. at 556 n.3.  Thus, the plaintiffs' claims fail to satisfy even the minimal requirements of Rule 8(a).

Nor would it be appropriate to treat the defendant's motion as a motion for a more definite statement pursuant to Rule 12(e).  Such motions "are typically disfavored by courts," Rahman v. Johanns, 501 F. Supp. 2d 8, 19 (D.D.C. 2007), and in any event are properly filed where a plaintiff's complaint is "unintelligib[le]," not where a complaint suffers for "lack of

---

complaint's survival," and had, "after puzzling the profession for 50 years, . . . earned its retirement," Bell Atl., 550 U.S. at 563.

detail." Towers Trent Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983).  In this case, the problem with the plaintiffs' complaint is not any ambiguity as to the meaning of their allegations, see Fed. R. Civ. P. 12(e) (permitting a party to request a more definite statement where the pleading in question "is so vague or ambiguous that the party cannot reasonably prepare a response"), but rather that the complaint fails to allege "enough facts to state a claim that is plausible on its face." Bell Atl., 550 U.S. at 570.  Accordingly, dismissal, rather than a more definite statement, is the appropriate remedy.  See id. ("Because the plaintiffs have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.")

**SO ORDERED** this 27th day of April, 2009.[4]

REGGIE B. WALTON  
United States District Judge

---

[4] This memorandum opinion accompanies an earlier order issued by the Court (1) granting the defendant's motion to dismiss, (2) dismissing the plaintiffs' complaint in its entirety and closing this case, and (3) specifying that the order would be stayed until the Court issued this memorandum opinion.  Thus, the earlier order entered by the Court is no longer stayed as of the date of the issuance of this memorandum opinion.